##### IN THE

## SUPERIOR COURT OF JUDICATURE

##### FOR THE

## COUNTY OF STRAFFORD, DECEMBER TERM,

#### A. D., 1838.

---

## FITTS *vs.* HALL.

If the tort or fraud of an infant arises from a breach of contract, although there may have been false representations or concealment respecting the subject matter of it, the infant cannot be charged for this breach of his promise or contract, by a change of the form of action. But if the tort is subsequent to the contract, and not a mere breach of it, but a distinct, wilful, and positive wrong of itself, then, although it may be connected with a contract, the infant is liable.

Where a contract, by which goods have been sold to an infant, and his promissory note taken therefor, has been rescinded by the infant, if he has the goods in his possession, and refuses to deliver them to the vendor, upon a demand for that purpose, trover may be maintained against him for the conversion.

An infant is answerable for a fraudulent representation and deceit, which is not connected with the subject matter of a contract, but by which the other party is induced to enter into one with him, if he afterwards avoids the contract by reason of his infancy; as, where he represents himself to be of full age, and thereby induces a person to sell him goods upon a credit.

But the plaintiff cannot in such case recover, in damages, the costs of an action upon the contract.

CASE. The declaration alleged, that on the 26th day of May, 1830, the plaintiff owned and was possessed of a large quantity of palm-leaf and chip hats—that a conversation was then had between the parties about the defendant's purchasing the hats of the plaintiff—that the plaintiff, not knowing whether the defendant was of age, enquired of him whether he was of full age or not; and that the defendant, well knowing that he was an infant under the age of twenty-one years, and intending to deceive and defraud the plaintiff, falsely and deceitfully represented that he was then of full

age ; and that thereupon the plaintiff, confiding in that representation, sold and delivered the hats to the defendant, on a credit of six months, and took his note therefor, on that time, for the sum of $57. The declaration further set forth, that the note not being paid when due, the plaintiff sued the defendant thereon, and duly entered and prosecuted his action—that the defendant pleaded first the general issue, and secondly, infancy—that the plaintiff joined the general issue, and to the plea of infancy replied that the defendant, at the time of giving the note, represented himself to be of full age, &c.—that to this replication there was a demurrer and joinder, and it was considered by the court that the replication was bad and insufficient ; and thereupon the plaintiff became nonsuit, and the defendant recovered judgment for his costs, taxed at $37.62 ; and that the defendant, by his said false and deceitful affirmation, obtained possession of said hats, and deceived and defrauded the plaintiff, and has never paid said note, nor re-delivered the hats to the plaintiff, nor paid him therefor.

There was also a count in trover for the hats.

The plaintiff on the trial introduced evidence in support of the allegations in the first count.

The court instructed the jury, that if they were satisfied, from the plaintiff's evidence, of the truth of the facts set forth in the declaration, they might, for the purpose of this trial, consider the action sustainable in point of law ; and that, if they found a verdict for the plaintiff, they might find such an amount as would indemnify the plaintiff for the loss he had sustained in consequence of the defendant's false and fraudulent representations.

The jury found a verdict for the plaintiff, for $128.91 ; whereupon the defendant moved that the verdict be set aside, and a nonsuit entered.

*Christie*, for the defendant, contended,

1. That all the facts in the first count, if properly stated

and proved, were not sufficient in law to entitle the plaintiff to maintain this action. 2 *Kent's Com.* 197, *and cases cited.*

2. That the plaintiff was not at liberty to abandon the contract, and call upon the defendant in an action of tort, in order to charge him ; especially as he had attempted to enforce the contract, after he knew the ground of defence.

3. That if the plaintiff recovered at all, he ought only to recover the amount of the note, and not the costs and expenses of the suit upon the note.

4. That the count in trover could not be maintained without proof of a demand and refusal, as the goods were voluntarily delivered to the defendant by the plaintiff.

*J. P. Hale,* and *James Bell,* for the plaintiff, cited *Com. Dig., Action on the case for deceit, A,* 10 ; 2 *Kent's Com.* 241 ; 15 *Mass.* 359, *Badger* vs. *Phinney ;* 12 *Sergt. & Rawle* 399, *Stoolfoos* vs. *Jenkins ;* 3 *Pick.* 493, *Homer* vs. *Thwing ;* 1 *Esp.* 172, *Bristow* vs. *Eastman ;* 6 *Cranch* 226, *Vasse* vs. *Smith ;* 8 *D. & E.* 335, *Jennings* vs. *Randall ;* 1 *Stark. Rep.* 173, *Fosdick* vs. *Collins ;* 2 *Stark. Ev.* 849 ; 2 *Wheaton's Selwyn* 457.

PARKER, C. J. The general principle applicable to this case is, that an infant is liable in actions *ex delicto,* whether founded on positive wrongs, or constructive torts, or frauds. 2 *Kent's Com.* 197 ; 1 *Chitty's Pl.* 65.

Thus he is liable in trover, although the goods converted were in his possession by virtue of a previous contract. 6 *Cranch's Rep.* 231, *Vasse* vs. *Smith ;* 3 *Pick.* 492, *Homer* vs. *Thwing.* And in detinue, where he received skins to finish, and afterwards withheld them. 4 *Bos. & Pul.* 140, *Mills* vs. *Graham.* And assumpsit for money had and received, has been sustained against an infant for money embezzled. 1 *Esp. Rep.* 172, *Bristow* vs. *Eastman ; Peake's Rep.* 222, *S. C.*

But a matter of contract, or arising *ex contractu* and prop-

erly belonging to that class, is not to be turned into a tort, in order to charge the infant by a change of the form of action. 2 *Kent's Com.* 197. As, for instance, where the plaintiff declared that having agreed to exchange mares with the defendant, the defendant, by falsely warranting his mare to be sound, well knowing her to be unsound, falsely and fraudulently deceived the plaintiff, &c. ; held that infancy was a good plea in bar. 2 *Marshall's Rep.* 485, *Green* vs. *Greenbank ;* 4 *E. C. L. Rep.* 375.

In *Jennings* vs. *Randall* the plaintiff declared in case, that, at the request of the defendant, he delivered to him a certain mare, to be moderately ridden, and the defendant wrongfully rode her in an immoderate, excessive and improper manner, and took so little care of her, that by reason thereof she was strained and damaged ; and in a second count alleged that he delivered the mare to the defendant to go and perform a reasonable and moderate journey, and the defendant wrongfully rode and worked her a much longer journey. On a demurrer to a plea of infancy, the court considered the action as founded substantially on the contract, and gave judgment for the defendant. Lord Kenyon said, " the plaintiff let the mare to ' hire ; and in the course of the journey an accident happened, ' the mare being strained, and the question is, whether this ' action can be maintained ? I am clearly of opinion that ' it cannot ; it is founded on contract. If it were in the ' power of a plaintiff to convert that which arises out of a ' contract into a tort, there would be an end of that protec- ' tion which the law affords to infants." 8 *D. & E.* 336.

It is undoubtedly true, that the substance of all the matter thus alleged in the plaintiff's declaration, in Jennings *vs.* Randall, might have been set forth in an action of assumpsit ; and regarding it, as Lord Kenyon did, as an injury resulting from an accident, it would seem to be an attempt to convert an action founded on contract into a tort. But the attention of the court does not seem, in the opinion delivered, to have been directed to the question whether part of the matter thus

alleged might not, upon proper proof, have sustained the count in trover, which was also contained in the declaration, or an action of trespass.

It is apparent, from the cases before cited, that an infant may be charged for a tort arising subsequent to a contract, and so far connected with his contract that but for the latter the tort would not have been committed. In Homer *vs.* Thwing the defendant hired a horse to go to a place agreed on, but went to another place, in a different direction, and he was held liable in trover for an unlawful conversion.

And in *Campbell* vs. *Stokes,* 2 *Wendell* 137, where an infant took a mare, on hire, and drove her with such violence, and otherwise cruelly used her, that she died, it was held that trespass might be maintained against him, and the judgment of the supreme court was unanimously confirmed by the court of errors. Chancellor Walworth said, "if the infant 'does any wilful and positive act, which amounts on his part 'to an election to disaffirm the contract, the owner is entitled 'to the immediate possession. If he wilfully and intention- 'ally injures the animal, an action of trespass lies against 'him for the tort. If he should sell the horse, an action of 'trover would lie, and his infancy would not protect him."

The principle to be deduced from these authorities seems to be, that if the tort or fraud of an infant arises from a breach of contract, although there may have been false representations or concealment respecting the subject matter of it, the infant cannot be charged for this breach of his promise or contract, by a change of the form of action. But if the tort is subsequent to the contract, and not a mere breach of it, but a distinct, wilful and positive wrong of itself, then, although it may be connected with a contract, the infant is liable.

Upon this principle the count in trover, in this case, cannot be supported, upon the evidence offered. The goods went into the possession of the defendant by virtue of a contract, which he has avoided by reason of his infancy. The effect

of that contract was to authorize him to appropriate the goods to his own use as owner, and to dispose of them at his pleasure. If he has done so by using them, or selling them to third persons, so that he cannot re-deliver them, neither his refusal to pay, nor a refusal to deliver the goods, can be considered as any thing more than a breach of contract. A refusal to pay is a breach of the express contract, and a refusal to return the goods, after he had converted them with the assent of the the plaintiff, and when he no longer had it in his power to return them, could be considered as no more than a breach of an implied assumpsit to return the goods, upon request, after he had rescinded the contract by a refusal to pay. Were this otherwise, the law would furnish him no protection against his contract, in such case ; for by a subsequent demand of the goods, which he had not the power to comply with, he would be made liable for their value in trover, although he could not be charged in assumpsit. It does not appear in this case that there was such a demand ; but if one was made, there is no evidence that the defendant, after he denied his liability on the contract, could have complied with it.

Still less is there any ground for charging the defendant in trover, because the plaintiff was induced to make the contract, upon which he received the goods, by his misrepresentations. The goods were, notwithstanding, received upon a contract ; and if the contract had not been rescinded by the defendant, upon the ground of his infancy, there would have been no pretence for an action of trover. His thus rescinding it cannot be held, of itself, to be a conversion.

If after the defendant in this case had interposed his plea of infancy, and refused to perform the contract, the plaintiff had demanded the hats, and the defendant, having them in his possession, had refused to deliver them, that would have been a wilful, positive wrong of itself, disconnected from the contract, and upon such evidence the count in trover might have been maintained. Where goods were sold to an

infant, on a credit, upon his representation that he was of full age, and a plea of infancy was interposed, an action of replevin was sustained against his administrator, after a demand upon him.  15 *Mass. Rep.* 359, *Badger* vs. *Phinney*.  In this latter case, the defence of infancy was made by the administrator of the infant ; the demand of the goods was made upon him, and the action sustained against him ; but the court said, " the basis of this contract has failed, from the fault, if not the fraud of the infant ; and on that ground the property may be considered as never having passed from, or as having revested in, the plaintiff."  And upon this ground, if the infant, having rescinded his contract, withholds the goods purchased, after a demand which he had power to comply with, there seems to be no good reason why he should not answer in trover, the same as for any other conversion of property lawfully in his possession.  6 *Cranch* 231 ; 4 *B. & Pul.* 140, *before cited.*

The next question is, whether this action can be maintained against the defendant, for the fraudulent representation that he was of age, by reason of which the plaintiff was induced to sell him the hats, on a credit, and to take his note.

An action may be maintained for false and fraudulent representations, in order to induce a party to sell, and whereby he was induced to sell, goods to one of the defendants, on a credit.  3 *Pick. R.* 33, 36, *Livermore* vs. *Herschell.*

But *Johnson* vs. *Pie*, 1 *Lev.* 169, was " case, for that the defendant, being an infant, affirmed himself to be of full age, and by means thereof the plaintiff lent him 100*l.*, and so he had cheated the plaintiff by this false affirmation." After verdict for the plaintiff, it was moved in arrest of judgment that the action would not lie for this false affirmation, but the plaintiff ought to have informed himself by others.—" *Kelynge* and *Wyndham* held, that the action did not lie, because the affirmation, being by an infant, was void ; and it is not like to trespass, felony, &c., for there is a fact

done. *Twysden* doubted, for that infants are chargeable for trespasses. Dyer 105; and so, if he cheat with false dice, &c." —The report in Levinz states that the case was adjourned ; but in a note, referring to 1 Keb. 905, 913, it is stated that judgment was arrested.

If this case be sound, the present action cannot be sustained on the first count. From a reference in the margin, it seems that the same case is reported, 1 Sid. 258. Chief Baron Comyns, however, who is himself regarded as high authority, seems to have taken no notice of this case in his Digest, "Action on the case for Deceit," but lays down the rule that "If a man affirms himself of full age when he is an infant, and thereby procures money to be lent to him upon mortgage," he is liable for the deceit ; for which he cites, 1 Sid. 183. *Com. Dig.*, *Action*, &c. *A.* 10.

We are of opinion that this is the true principle. If infancy is not permitted to protect fraudulent acts, and infants are liable in actions *ex delicto*, whether founded on positive wrongs, or constructive torts, or frauds, (2 *Kent* 197) as for slander, (*Noy's Rep.* 129, *Hodsman* vs. *Grissel*,) and goods converted, (*auth. ante*) there is no sound reason that occurs to us why an infant should not be chargeable in damages, for a fraudulent misrepresentation, whereby another has received damage.

In the argument of Johnson *vs.* Pie, Grove and Nevill's case was cited, " where, in case against an infant, for selling a false jewel, affirming it to be a true one, 'twas adjudged the action did not lie," and the case seems to have been considered as if the affirmation that he was of age was to be regarded as part of the contract. But there is a wide difference between the two cases. In Grove & Nevill's case the subject matter of the contract was the jewel which was sold. The affirmation that it was a true one was a false warranty of the article sold. If the defendant had been of age, assumpsit might have been maintained. The infant was not to be charged, by adopting a different form of action.

But the representation in Johnson *vs.* Pie, and in the present case, that the defendant was of full age, was not part of the contract, nor did it grow out of the contract, or in any way result from it.    It is not any part of its terms, nor was it the consideration upon which the contract was founded.    No contract was made about the defendant's age.    The sale of the goods was not a consideration for this affirmation or representation.    The representation was not a foundation for an action of assumpsit.    The matter arises purely *ex delicto.* The fraud was intended to induce, and did induce, the plaintiff to make a contract for the sale of the hats, but that by no means makes it part and parcel of the contract.    It was antecedent to the contract; and if an infant is liable for a positive wrong connected with a contract, but arising after the contract has been made, he may well be answerable for one committed before the contract was entered into, although it may have led to the contract.

It has been said that "all the infants in England might be ruined," if infants were bound by acts that sound in deceit.    But this cannot be a reason why the action should not be maintained for fraudulent wrongs done, for the same reason would seem to apply equally well in cases of slander, trover, and trespass.    The latter are as much the results of indiscretion as the former, and quite as likely to be committed.

In *Bac. Abr., Infancy, I,* 3, it is said—" Also, it seems, 'that if an infant, being above the age of discretion, be 'guilty of any fraud in affirming himself to be of full age, 'or if by combination with his guardian, &c., he make any 'contract or agreement, with an intent afterwards to elude it 'by reason of his privilege of infancy, that a court of equity 'will deem it good against him according to the circumstan- 'ces of the fraud." 3 *Gwillim's Bac.* 604.    The authorities cited do not seem to state, specifically, the first branch of the proposition in the text; but there are several cases sustaining the general proposition that an infant may be

bound, in equity, by a contract which the other party has been induced to enter into by his fraudulent representation or concealment. 2 *Ves., sen.* 212, *Lord Teynham* vs. *Webb;* 2 *Eq. Cas. Abr.* 489, *Evroy* vs. *Nicholas, and case cited;* 1 *Brown's Ch. Rep.* 358, *Beckett* vs. *Cordley; Fonblanque's Eq.* (4 *Am. ed.*) 80, *note z.* At law, he is not bound by the contract, although it was procured by his fraudulent representation that he was of full age. 1 *Johns. Cas.* 127, *Conroe* vs. *Birdsall.* If, in equity, the infant may be bound by the contract, because of his fraud in procuring it, he may well, at law, be answerable for the previous deceit through which it was procured, if he has thereby obtained the property of another and refuses performance on his part.

Our conclusion is that the action may be sustained on the first count.

But we are of opinion that the plaintiff is not entitled to recover, in damages, the costs of the action he commenced on the note, or those which he was obliged to pay in that suit. For aught which appears, he knew, when he commenced that action, that the defendant was an infant, and would avail himself of his infancy. If he chose to try an experiment, he must abide the consequences. For this reason the verdict must be set aside, and a

*New trial granted.*