## BURLEY *vs.* RUSSELL.

An infant who has represented himself to be of full age, and thus procured a credit, is not estopped, by such representation, from setting up his infancy, in avoidance of the contract.

ASSUMPSIT on four promissory notes, one of which was given to one Daniel Barber, and by him indorsed to the plaintiff. The three other notes were payable to the plaintiff, and were given subsequently to the time when Barber indorsed that note to the plaintiff.

Plea, the general issue, with a brief statement, alleging that the defendant, at the time of giving said notes, was under the age of twenty-one years.

The signatures to the notes being admitted, the defendant introduced evidence tending to show his minority, at the time of making said notes; and the plaintiff attempted to rebut that testimony, by evidence that when the defendant made the note to Barber he declared to him that he was at that time more than twenty-one years of age, of which Barber informed the plaintiff, when he indorsed the note to him.

Upon this evidence the court instructed the jury, that if they were satisfied that the defendant, at the time of signing said notes, was under twenty-one years of age, they must find a verdict in his favor; that although the defendant stated to Barber, previous to the giving of the notes, that he was more than twenty-one years old, and Barber communi-

cated it to the plaintiff, yet this imposed no legal obligation on the defendant to pay either of the notes, if he was in fact a minor at the time he gave them.

The jury returned a verdict for the defendant, and the plaintiff moved for a new trial.

*Bartlett, & Quincy,* for the plaintiff. The defendant in this case declared he was of age, and thereby induced the payee of the first note to trust him. This was communicated to the indorsee, who afterwards took the other notes. The defendant is estopped from showing that this declaration was false. The court having settled that a minor is liable for a false representation that he was of age, he should be estopped by such declaration, equally with other persons in other cases.

*Rogers,* for the defendant. The minor may be of age as respects his frauds, but he is a minor still as it respects his contracts.

PARKER, C. J. The position contended for by the counsel, that the declaration of the defendant, that he was of age, is an estoppel to him to set up his infancy, in avoidance of the contract, it is conceded is not supported by any direct authority ; and our decision in *Fitts* vs. *Hall,* 9 *N. H. Rep.* 441, does not lead to such a result.

That decision is, that an infant is liable, in case, for a fraudulent affirmation that he is of age, whereby another is induced to enter into a contract with him, if he afterwards avoids the contract, by reason of his infancy. In an action of that description, he is subjected to such damages as the other party has sustained. But this may or may not be to the amount which he promised to pay by his contract. The measure of damages is by no means necessarily the same. The amount promised to be paid may be greater than the damage sustained, by reason of the inexperience of the minor, which has led him

Burley *v.* Russell.

to promise a greater sum than the property received is worth. To hold him estopped might punish him, therefore, beyond his demerits.

And, besides, this would overturn much of the doctrine which has long been received in relation to the right of a minor to avoid his contracts, and introduce a new rule, which seems not to be required by the exigency of the case, or justified by principle or precedent.

*Judgment on the verdict.*