ALBANY,
Dec. 1828.

Campbell
v.
Stakes.

---

## I. CAMPBELL, administrator of S. CAMPBELL, plaintiff in error, *and* S. STAKES, defendant in error.

Where an infant took a mare on hire, and drove her with such violence, and otherwise cruelly treated her, as that she died ; it was held, that though *case* would not lie, *trespass* might be maintained against him.

If an infant who has a horse on hire does any wilful and positive act, amounting to an election, on his part, to disaffirm the contract of hiring, the owner is entitled to the immediate possession.

If the infant wilfully and intentionally injures the animal, an action of trespass lies against him for the *tort.*

Infancy, with an averment that the injury happened through the unskilfulness, want of knowledge, discretion and judgment of the defendant, would be a good bar to an action of trespass brought for killing a horse let to hire, by violent driving and cruel treatment.

Where a judgment is pronounced in the supreme court on pleadings brought up from an inferior court, and the party against whom the judgment is, asks and obtains leave to amend his pleadings, which he accordingly does, and issue is joined, and a trial had on such amended pleadings, the party amending is estopped from afterwards alleging error in the judgment pronounced on the original pleadings.

Error cannot be alleged in the court for the correction of errors, for that in a cause where there were two issues joined, the jury had passed upon only one of them, if it appears that the question has not been brought before the supreme court, on a motion in arrest of judgment, or otherwise.

The court for the correction of errors is strictly an appellate court for the re-examination and correction of erroneous decisions *actually* made by other tribunals, upon questions *distinctly presented* to the court below, and none other will be considered.

There are also cases which have been passed upon by the court below, which will *not* be reviewed by the court of errors but in the exercise of a sound discretion: as where the court of errors is asked to reverse or modify the decision upon some new point not raised in the court below. It would seem that a decree of the chancellor will not be reversed for the purpose of giving the appellant a remedy which he did not ask for in the court of chan-cery; but a judgment of a court of law will not be sustained merely because the plaintiff in error has neglected to urge every valid objection which might have been insisted on by way of argument in the court below.

A defendant may allege, in arrest of judgment, any matter appearing on the record which may be assigned for error after judgment.

It seems there can be no possible case in which there can be an error in the record or proceedings of the supreme court, which would afford sufficient ground for reversal in the court of errors, in which the party may not, if he applies in time, present the question directly to that court for their decision in the first instance. If he does so, and the decision is against him, he may apply to the court of errors to review the decision upon a writ of error.

ERROR from the supreme court. Sarah Stakes, in July, 1821, commenced an action of *trespass* in the common pleas of New-York, against Samuel Campbell and Thomas Campbell, and declared against them, for that on the *fourth of July*, 1820, they drove a certain mare belonging to the plaintiff with such violence, and whipped and cruelly treated her in such manner, that she died. Samuel Campbell alone was taken on the process issued against the defendants. He appeared by guardian, and pleaded 1. *Non cul.*; 2. That at the time when, &c. the mare was in the possession of the defendants by virtue of a contract of bailment, whereby the plaintiff had let the mare and a *tilbury* to the defendants for hire, averring that at the time of the making of the contract, and also at the time of the supposed trespasses, the defendants were respectively infants within the age of 21 years. The plaintiff demurred to the second plea, the defendant joined, and the common pleas gave judgment for the defendant. The plaintiff removed the record into the supreme court by writ of error, and in August, 1825, the judgment of the common pleas was reversed, and judgment for costs taxed at $95,42, given in favor of the plaintiff in error in that

court, and a venire *de novo* awarded. At the ensuing term, Campbell applied for and obtained leave to amend his plea, (5 *Cowen*, 21,) when he plead 1. *Non cul.*; 2. That the mare, at the time when, &c. was in the possession of the defendants by virtue of a contract of bailment for hire; and that the supposed beating, fatiguing by over-driving, &c. occurred and took place through the unskilfulness, want of knowledge, discretion and judgment of the defendants; and that, on the termination of the contract of bailment, the defendants returned and re-delivered to the plaintiff the mare in full life; and averred that at the time of the bailment, and of the committing of the supposed trespasses, the defendants were respectively infants, &c., concluding with a verification and prayer of judgment. The plaintiff replied *precludi non*, because the said S. Campbell, of his own wrong, and without the cause by him in his plea alleged, and with force and arms, &c. did commit the said several trespasses, &c. in *modo et forma*, &c.; and *further*, that at the time when, &c. the defendant was of full age, concluding to the country with similiter. In November, 1826, the cause was tried at the New-York circuit, and the jury found the defendant *guilty* of the premises laid to his charge in manner and form, &c. and assessed the damages of the plaintiff at $200, but took no notice of the issue on the plea of infancy. On this verdict, a judgment was entered in the supreme court.

In June, 1827, John Campbell, the *administrator* of Samuel Campbell, who was deceased, brought a writ of error, removing the record from the supreme court into this court. Besides the general assignment of error that the declaration is insufficient, &c. the plaintiff specially assigned for error the reversal of the judgment of the common pleas, alleging that the same ought to have been affirmed. The defendant pleaded in *nullo est erratum*.

*J. Platt*, for the plaintiff in error. There were two issues, and but one was tried. The verdict, therefore, was defective, and judgment should not have been rendered upon it. [CHANCELLOR. Ought not this defect to have been presented in the supreme court on a motion in arrest of judg-

ment?]   Had such motion been made and denied, the party could not have appealed from the decision.   His only remedy was by writ of error.   The record shewing that but one issue has been disposed of, it is error, and a venire *de novo* ought to be awarded.

The plaintiff was not entitled to bring *trespass* against the defendants, not having either the actual or constructive possession.   At the time of the injury, the possession was in the defendants under a bailment, and the owner had not the right to resume it until the termination of the bailment. Trespass may be maintained by the general owner, where the possession has been parted with for his own benefit, as where property is put in charge of a carrier; it is admitted that the general owner may maintain *trespass* against a stranger for any injury by force done to the property, but it is denied that the action would lie against the bailee.   In this case, the defendants were entitled to the possession, and they could not be considered trespassers *ab initio*.   That principle applies only where there is an abuse of an *authority given by law*, and not where there is an abuse of an authority in fact.   In the latter case, he who is guilty of such abuse does not thereby become a trespasser *ab initio*, though he is liable to make satisfaction to the owner of the property.   A special action on the case for the actual damage sustained, is the fit and appropriate remedy.   (*Bacon's Abr. tit. Trespass, B. Brook's Abr. Action on the Case, pl.* 99.  *Ib. Trespass, pl.* 295, 327. 13 *Johns. R.* 414.)   This principle is admitted by *Chitty,* (1 *Chitty's Pl.* 167,) though he says, if the bailee *destroy* the thing, trespass may be supported if the injury were forcible. He must, however, be understood as referring to cases where the owner had the right to resume the possession, and not where the bailee, at the time when the injury was committed, had a right exclusively to use the thing, and where the injury is not a consequence of the bailment, but a wanton and wilful destruction of the property.   (4 *T. R.* 489.)

The case of *Jennings* v. *Rundall,* (8 *T. R.* 335,) shews conclusively, that for an injury like that in the present case, an action will not lie against an infant.   That was an action on the *case,* founded on a bailment.   The declaration charg-

ed that a mare was let to hire, and that the defendant so improperly used her that she was greatly strained and damaged. The defendant pleaded infancy, and the plaintiff demurred, and the judges of the king's bench concurred that the action could not be maintained, it being founded on a contract. It has been said that this was a case of *omission*, and not of *commission*, and that therefore the action was held not to lie. The facts of the case do not warrant the distinction; but if they did, the distinction is denied by that very case, and the rule is stated to be, that if the action against an infant be grounded on a contract, the plaintiff shall not convert it into a tort. (See also *Bingham on Infancy and Coverture*, 111.) Where the injury is done in the exercise of the rights conferred by the contract, the plea of infancy may be interposed; for otherwise, by the form of action, an infant would be deprived of the protection which the law affords him. (2 *Marshall*, 485, *Green* v. *Greenbank*.) A plaintiff, by using harsh terms in setting forth his injury, cannot vary his case, and render an infant liable. (8 *T. R.* 337. 1 *Southard*, 87.) The case of *Vasse* v. *Smith*, (6 *Cranch*, 226,) is distinguishable from this. There the plaintiff consigned to the defendant a cargo of flour to sell for cash or sixty days credit. The defendant disregarded his instructions, and shipped the flour to the West Indies, and it was lost. The S. C. held that infancy was not a good defence to an action of trover, and properly, because the injury was independent of the terms of the bailment, aside from it, and not in the course of the contract; whereas here the injury was in the course of the bailment. The mare was let to the defendants for the purpose of being driven by them, and whilst driving her, immoderately, if you please, the injury happened.

*J. Anthon*, for the defendant in error. If the supreme court erred in reversing the judgment of the common pleas on the pleadings as they originally existed, the defendant below is precluded from insisting on such error, by his acquiescence in the judgment pronounced, and asking and obtaining leave to amend. The original pleadings ought to be con-

sidered as no part of the record, except for the purpose of supporting the subsequent proceedings in the supreme court.

The record shews no error. By the new pleadings, the question presented was, whether the mare was killed by positive violence or cruelty, or whether she was destroyed by the want of prudence and discretion in driving her. The jury have found the former, and their finding of *guilty* applies as well to one issue as to the other ; besides, if there be a defect, it is cured by the statute of jeofails. On the verdict thus found, judgment is rendered, and where is the error ? The defendant cannot allege the omission in the postea to state that the jury passed upon both issues ; for that question has not been submitted to the supreme court, nor have they pronounced judgment on the point; and not having done so, it cannot here be agitated. (2 *Cowen*, 45.)

The action of *trespass* was properly brought. Where the property is destroyed, a bailee is liable in that form of action, and it can make no difference whether the destruction takes place immediately on the commission of the act, or is the necessary result of it. The rights of a bailee for hire, do not so far entitle him to the exclusive possession of the property as to preclude the owner from breaking up the bailment when he sees his *property is about to be destroyed*; and if he may thus reduce it to possession, his right to bring trespass cannot be questioned. The counsel referred to the cases cited by Marryat, *arguendo*, in 8 *T. R.* 335, to shew that an infant is liable for *torts ;* also to *Peake's N. P.* 223 ; 1 *Esp. Cas.* 172 ; 1 *Nott & M'Cord,* 199 ; and insisted that the distinction between acts of omission and commission was recognized in 6 *Cranch*, 226. The cases in *Marshall* and *Southard,* were cases of negligence, and not of force and cruelty as had been shewn here.

*Platt,* in reply. The defendant below has not waived his right to bring error from the judgment pronounced on the original pleadings. The court must pass upon the record as it is before them. It is the act of the party himself. The first plea was not withdrawn. Judgment was pronounced upon it, and it remains in court. He therefore has a right to complain that such judgment was erroneous. Allowing

ALBANY,
Dec. 1828.

Campbell
v.
Stakes.

that the defendant cannot object to the judgment on the amended pleadings, he is entitled to be relieved from the first judgment. The statute of jeofails applies only to matters of form; it cures no defects in substance.

THE CHANCELLOR. The first point made by the plaintiff is, that the action should have been case, and not trespass. If the object of this point is to support the first error assigned, to wit, that the declaration is insufficient, it certainly cannot be sustained.

The declaration is in the ordinary form of a declaration in trespass, and I can see no objection to it, either in form or substance. But I presume this point was intended to apply to the case made by the special plea of the defendant in the court below. I am satisfied an action on the case cannot be maintained against an infant under such circumstances. If the infant was liable at all, trespass was the proper form of action. An action on the case necessarily supposes the defendant to have a right to the possession of the property under the contract of hiring, at the time the injury is committed. Independent of the contract of hiring, the defendant would have no right to the possession, and trespass would be the proper remedy. If the plaintiff declares in case, he affirms the contract of hiring, and the plea of infancy is a good defence to such an action; for he cannot affirm the contract, and at the same time, by alleging a tortious breach thereof, deprive the defendant of his plea of infancy. The cases of *Jennings* v. *Randall*, (8 *Term Rep.* 335,) and *Green* v. *Greenbank*, (4 *Eng. Com. Law Rep.* 375, 2 *Marsh. Rep.* 485,) were cases of that description.

The contract of an infant is not void, but is voidable at the election of the infant. If a horse is let to him to go a journey, there is an implied promise that he will make use of ordinary care and diligence to protect the animal from injury, and return him at the time agreed upon. A bare neglect to do either, would not subject him or an adult to an action of trespass, the contract remaining in full force. But if the infant does any wilful and positive act, which amounts to an election on his part to disaffirm the con-

tract, the owner is entitled to the immediate possession. If he wilfully and intentionally injures the animal, an action of trespass lies against him for the tort. If he should sell the horse, an action of trover would lie, and his infancy would not protect him. The case of *Vasse v. Smith*, in the supreme court of the United States, (6 *Cranch's Rep.* 226,) was decided upon this principle. The special plea in the court of common pleas was defective in not averring the fact, which was afterwards inserted in the amended plea, that the injury complained of, occurred in the act of driving the mare through the unskilfulness and want of knowledge, discretion and judgment of the defendant. With that averment, I think the plea of infancy, with the contract of hiring, would have been a complete answer to the action. But without such averment, I think the court were bound to presume it was a wilful injury, which would amount to an election by the infant to disaffirm the contract. I therefore am of opinion that the judgment of the supreme court on the pleadings as they stood was correct.

I am also of opinion that the defendant in the court below, by electing to amend his pleadings, waived his right to ring a writ of error on the judgment of the supreme court, founded on the original pleadings. If the cause had been originally commenced in the supreme court, the former pleadings would not have been found in the record. As the venire *de novo* was awarded in the supreme court, and these proceedings formed a part of the record of the court of common pleas, which was brought into the supreme court by writ of error, it was perhaps necessary that the original pleadings should remain upon the record. But the election of the defendant to waive them by amending his plea, also forms a part of the record ; hnd he cannot now take advantage of any error in the judgment of the supreme court, founded on the original pleadings.

The only remaining question is, can the plaintiff in error take any advantage of the defective finding of the jury on the issues arising out of the amended pleadings. I understood the counsel of the plaintiff in error to admit, on the argument, that this question had never been brought before the

supreme court, by a motion in arrest of judgment or otherwise.

There is a manifest difference to be observed between the proceedings on writs of error in this court and the proceedings of the supreme court on writs of error to inferior tribunals. The supreme court are bound to correct all errors in the proceedings of inferior tribunals which are brought before them, whether they relate to decisions either actually or nominally made by the court below, or to matters out of the record, usually denominated errors in fact. But in the organization of this court, it was evidently the intention of the framers of the constitution, that it should be strictly an appellate court, for the re-examination and correction of erroneous decisions actually made by other tribunals, upon questions actually presented to them for their determination. The provisions in the constitution requiring the judges of the supreme court, on writs of error, to assign the reasons for their judgment, and excluding them from voting in favor of the affirmance or reversal of their judgments, are both founded upon the presumption that they have actually passed upon the question in the court below.

I had supposed that the opinion of the late Chancellor Sanford, in *Colden* v. *Knickerbacker*, (2 *Cowen's R.* 31,) which was concurred in by the majority of this court, had put this question finally at rest here. But as the same question is constantly agitated, it may be advisable that the court should express an opinion upon that subject which cannot be misunderstood.

In *Cheetham* v. *Tillotson*, (5 *Johns. R.* 430,) a judgment by *default* was reversed for a defect in the declaration. I presume in that case there had been no motion in arrest of judgment in the supreme court; but that question was not raised or passed upon by this court.

In *Sands* v. *Hildreth*, (12 *Johns. R.* 493,) this court decided, that no appeal lies from a decree of the court of chancery, pronounced on the default of the defendant at the hearing. And in *Gelston* v. *Hoyt*, (13 *Johns. R.* 361,) it was decided, that the plaintiff in error could not take advantage here of any erroneous decision of the supreme court on de-

murrer, where he had declined arguing the demurrer in that court. In *Henry* v. *Cuyler*, (17 *Johns. R.* 469,) the plaintiff in error, having suffered the judgment to pass against him by default, at the argument of the demurrer in the supreme court, this court refused to hear the cause, although the same question had previously been decided in the supreme court, on argument, in another case; and although the cause was brought up to this court by consent of parties, for the purpose of reviewing that decision.

All these cases show the settled practice of this court, not to review a decision or judgment of the supreme court, or court of chancery, where the question has not been actually passed upon or distinctly presented to the court below. I am not aware of any case where the question has been raised, in which this court has decided differently.

There is another class of cases which are of an entirely different character, and in which the practice must, in some measure, be regulated by the sound discretion of this court. These are cases which the court below has passed upon, but in which this court is asked to reverse or modify the decision upon some new point not urged upon the consideration of the court upon the argument of the cause in the court below. These cases most frequently arise on appeal from the court of chancery. The litigated causes which come before that court are usually very complicated. The bill sometimes contains only the common prayer for general relief. It also frequently happens that a party is not entitled to the particular relief prayed for in his bill, or insisted on in argument, though he may be entitled to some different kind of relief, not urged or thought of by him, while the cause was pending in the court below. In such cases, this court will not reverse the decree of the chancellor, for the purpose of giving the appellant a remedy which he did not ask for there. (*Per Ld. Eldon, in Chamley* v. *Lord Dunsany*, 2 *Sch. & Lef.* 700.) In courts of law, the cases for consideration are more simple; and this court, in general, will not sustain an illegal judgment, merely because the plaintiff in error has neglected to urge every valid objection which might have been insisted on, by way of argument, in the court below. Thus, in *Palmer* v. *Lorillard*,

(16 *Johns. R.* 343,) where, in an action of assumpsit, the facts found by the special verdict entitled the plaintiffs to a verdict in an action of trover, and the supreme court, without adverting to the form of action, gave judgment in their favor, this court reversed the judgment, although the plaintiff in error had neglected to urge that point upon the consideration of the supreme court. In that case, the late Chancellor Kent says: " It does not come within the rule, that an objection, not taken in the court below, cannot be taken here. That rule was intended only to be applied to objections which the party may be deemed, by his silence, to have waived, and which, when waived, still leave the merits of the case to rest with the judgment. But if the foundation of the action has manifestly failed, we cannot, without shocking the common sense of justice, allow a recovery to stand."

It is a general rule, that a defendant may allege in arrest of judgment any matter appearing on the record, which might be assigned for error after judgment. (12 *Hen.* 4, 24. *Bro. Abr. tit. Judgment, pl.* 48. 5 *Com. Dig.* 174, *Pleader, s.* 47.) So, the defendant may move in arrest of judgment, although he has not appeared to the action. (*Collins* v. *Gibbs*, 2 *Burr. Rep.* 899. *Chantflower* v. *Priestley, Cro. Eliz.* 914. 2 *Roll. Abr.* 716, *c.* 20. *Lilly's Prac. Reg. tit. Judgment*, 121, *a. Bighton* v. *Sawles*, 1 *Leon. R.* 309.) And I am not aware of any possible case in which there can be an error in the record or proceedings of the supreme court, which would afford sufficient ground for reversing their decision here, in which the party may not, if he applies in time, present the question directly to that court for their decision in the first instance. If he does so, and that court decide against him, it may then be proper for him to apply to this court to review that decision upon a writ of error. In the case before us, the alleged error in the finding of the jury appeared upon the face of the record. If it forms a sufficient ground for reversing the judgment, it would have been equally available by a motion in arrest. If the party had moved in arrest, and the supreme court had considered the objection well taken, that court would have awarded a venire *de novo*, to supply the defect, or have permitted the plaintiff

ALBANY, Dec. 1828.

Campbell v. Stakes.

to amend the verdict in such a manner as to correspond with the actual finding of the jury.

In conformity to the practice adopted by this court in *Colden* v. *Knickerbacker*, I think the writ of error in this cause should be dismissed with costs.

This being the *unanimous* opinion of the court, the writ of error was dismissed, with costs to be paid by the plaintiff in error.