[PHILADELPHIA, FEBRUARY 2, 1832.]

PENROSE by his Guardian HUTCHINSON *against* CURREN.

IN ERROR.

An infant, who hires a horse to go to one place, but goes to another, and kills the animal by severe usage, may plead his infancy in bar of an action on the case for damages.

On a writ of error to the District Court for the city and county of *Philadelphia*, this appeared to be an action on the case brought by *William Curren*, the defendant in error, against *Samuel Penrose*, who appeared by his guardian *Randall Hutchinson*, in which the plaintiff below filed the following statement:

"On Saturday the 2d day of *June*, 1827, the defendant hired from the plaintiff a horse and gig to go to *Germantown* on the following day. On the following day, to wit, *June 3d*, 1827, the defendant took the said horse and gig and rode and drove to *Chester* in *Delaware* county, and to other places to the plaintiff unknown, and by hard, severe, unnecessary and cruel driving and treatment killed the said horse on the said 3d day of *June*, 1827. The plaintiff's claim is for this injury to his property, and he claims damages in the sum of one hundred and twenty-five dollars."

The defendant pleaded "infancy," and that "he is not guilty of the supposed grievances laid to his charge," &c.

The jury returned a special verdict, by which they found, that all the allegations contained and set forth in the plaintiff's statement of his cause of action were true, and that the defendant at the time of committing the said *trespass* mentioned in the said statement, was under the age of twenty-one years. If the court should be of opinion that the defendant was legally responsible in this form of action, and under these facts, the jury found for the plaintiff, and assessed the damages at one hundred and twenty-five dollars, with six cents costs, and if otherwise they found for the defendant.

On this special verdict, the District Court gave judgment for the plaintiff below.

*Bouvier*, for the plaintiff in error. The statement filed by the plaintiff below, which is in the nature of a declaration, is upon a contract for hiring a horse to be returned to the owner, which the defendant failed to do, but killed him by hard driving. Upon the contract, the defendant was not liable, being in his minority, and the subject-matter of the contract, not being necessaries furnished to him. The plaintiff now attempts to render the infant liable by converting an action *ex contractu* into an action *ex delicto*. This he

(Penrose *v.* Curren.)

cannot do.   Where goods are delivered to an infant, knowing him to be such, *trover* cannot be maintained. *Manby* v. *Scott*, 1 *Sid.* 129. So where a plaintiff declared, that at the defendant's request, he had delivered to him a mare to be moderately ridden, and that the defendant maliciously intending, &c. wrongfully and injuriously rode the mare, so that she was damaged, &c. it was held that the defendant might plead his infancy in bar, the action being founded on a contract.   *Jennings* v. *Rundall*, 8 *T. R.* 335.   The defendant being an infant, affirmed himself to be of full age, by which means he obtained a loan of one hundred pounds of the plaintiff. After verdict for the plaintiff, on not guilty pleaded, the judgment was arrested. *Johnson* v. *Pie*, 1 *Keb.* 905. 913.   *S. C.* 1 *Sid.* 258.   1 *Lev.* 168.   An infant cannot be made a trespasser either by a prior command or subsequent assent.   *Co. Litt.* 180, *b. note* 4.   It is against the policy of the law to make an infant liable upon a contract, except for necessaries, and the law will not permit it to be done indirectly by converting the contract into a *tort. Curtin* v. *Patton*, 11 *Serg. & Rawle*, 310. 1 *Com. on Cont.* 150, 151.   *Schenk* v. *Strong*, 1 *South'd.* 87.

*Brewster*, for the defendant in error.   If an action such as this cannot be maintained in the *English* courts, it can in those of *Pennsylvania*.   In *England* the courts uniformly favour infants, perhaps to preserve wealth in particular families ; a reason which can have no influence here.   The case in *Southard* was decided on the ground that the carriage was broken by accident, which distinguishes it in an essential manner from the case at bar, the basis of which is fraud and tort.   There was fraud in the inception of the contract, and the defendant cannot shelter himself under the form of contract to avoid the consequences of the fraud.   Infants are liable for deceit, though in form the action is on a contract; *assumpsit* will lie against an infant for money embezzled by him.   So an action may be maintained against an infant on a warranty of a horse.   The court will look through the form in order to get at the merits of the case.   *Wood* v. *Vance*, 1 *Nott & M'Cord*, 197. *Horner* v. *Twining*, 3 *Pick.* 492. *Vasse* v. *Smith*, 6 *Cranch*, 226.

The opinion of the court was delivered by

Rogers, J.—The law has wisely provided, that infants shall not be liable on contracts, except for necessaries.   It cannot be pretended, that here the infant would be liable on the contract of hiring, as the plaintiff has not brought his case within the principle of the exception.   The plaintiff rests his right to recover on the fact, that the minor was guilty of a conversion by riding to *Chester* instead of *Germantown.*   He contends, that wherever trover is the proper form of action, it will lie as well against an infant as an adult, and in this position, it must be admitted, he is supported by a decision of a court of high authority in *Horner* v. *Twining*, 3 *Pick.* 492.   I have examined that case with the attention it merits, and I am compelled to

(Penrose *v.* Curren.)

say, I cannot agree to the principle, which is there decided. It is true, that *detinue* will lie against an infant for goods delivered upon a special contract for a specific purpose, after the contract is avoided. It is also true, that *assumpsit* will lie against an infant to recover money embezzled. To this I fully accede, because the object of the suit, in the first case, is to recover the article itself, or damages for its detention. And this decision is founded in sheer justice, as the privilege of protection is given to the minor as a shield, and not as a sword, nor is it necessary for his safety, that he should be permitted to retain the article, when the contract has been rescinded, without paying an equivalent for it. The vendor is remitted to his original rights, when the contract has been rescinded, and as a consequence, he may assert them, either by action of detinue, replevin or trover. It is also altogether proper, that money embezzled by an infant, should be recovered in *assumpsit*. The occupation, in which he is employed, is for the benefit of the infant, and the embezzlement is a tortious act, in which no blame is imputable to the employer. But is that the case here? The infant derives no benefit from the transaction, and what is of more consequence, the plaintiff himself is in fault. The loss which ensues results from the contract of hiring with a person, whom he is bound to know was a minor, and as such incapable of contracting. This is a transaction, in which parents and guardians have a deep interest, and particularly such as educate their children from under their own eye at a distance in our seminaries of learning. It amounts to this : If the keeper of a livery-stable, or an inn-keeper, whose business it is to let out horses and carriages to hire, chooses to trust them to a minor, contrary to the assent and wish of the parent, and an injury is done by the young man, in the folly and heedlessness of youth, going to a different place, or further than he intended, the father must either pay the debt or damages to whatever amount they may be, or suffer his child to be disgraced by imprisonment. It seems to me, that parents would have much reason to complain of a rule, which involves such consequences. If the plaintiff should succeed, there would be no want of pretences, upon which infants might be charged, and there would be an end to the protection which the law so wisely affords them. I cannot agree, that from the commission of a wrong, a right of action can arise. If the contract of hiring came within the exception of necessaries, as might be, where a horse was hired to visit a sick parent, &c. then the infant would be liable for the consequences, and if injury ensued from cruel driving, or improper treatment, the owner would have an appropriate remedy.

Had the minor gone to *Germantown* as he intended, then *Shenck* v. *Strong*, 1 *Southard*, 87, would have been express authority, adverse to the plaintiff's claim. The foundation of the action is contract, and disguise it as you may, it is an attempt to convert a suit, originally in contract, into a constructive tort so as to charge the infant. So far are minors shielded from the consequences of their own

acts, that action will not lie against them, where they affirm themselves to be of full age, nor on a warranty in the sale of a horse, *Johnson* v. *Pie,* 1 *Lev.* 169. 1 *Keble.* 905. Nor will, I apprehend, trover lie against an infant for goods sold to him, either with or without a knowledge of his infancy; certainly not where he knows the fact of infancy, *Manby* v. *Scott,* 1 *Sid.* 129. The contract being unlawful, no action arises to the adult, who is bound to know, with whom he is contracting, and must be aware, that such contracts are contrary to the policy of the law. It operates not only as a shield to the infant, but as a penalty upon the adult.

Wherever a person has not parted with the property, then he can assert his right, as well against an infant as an adult, as in every kind of bailment; and if the conversion had been the non-delivery of the horse and carriage hired, the owner might have sustained detinue, replevin or trover. I would here remark, that notwithstanding what is said in *Horner* v. *Twining,* I cannot distinguish this from *Jennings* v. *Rundall,* 8 *T. R.* 335. In the second count of the declaration, it was alleged, that the plaintiff let to hire and delivered to the defendant a certain other mare to go and perform a certain reasonable and moderate journey, &c. and yet that the defendant, contriving, &c. wrongfully and injuriously rode and worked the said mare a much longer journey, &c. The defendant pleaded infancy to both counts, to which the plaintiff demurred. Here then there was the constructive conversion of the property, which is the turning point of the decision in *Horner* v. *Twining,* and yet the court notwithstanding gave judgment for the defendant. The fundamental error seems to me to consist in considering the conduct of the infant as a violation of contract, whereas there was no contract, which could be enforced.

Judgment reversed, and judgment for the defendant.