Lewis *v.* Littlefield.

## CHARLES LEWIS *vs.* CHARLES LITTLEFIELD.

Infancy is no bar to an action of trover, where the goods converted by the minor came into his hands under a prior illegal contract.

All wagers in this State are unlawful.

TROVER to recover an amount of specie and bank bills, which were deposited in the hands of the defendant, to abide the issue of a foot race to be run between *Saco* and *Portland* by *Lewis,* the plaintiff. The general issue was pleaded, with a brief statement of the infancy of the defendant. It was proved, that the defendant was under the age of twenty-one years when the transaction took place. It was also proved, that *Lewis* demanded the money, and notified *Littlefield* not to pay it over to the winner before it was paid, and that *Littlefield,* after being so notified, did pay over the money. WESTON C. J. presiding at the trial, instructed the jury that infancy was no bar to the maintenance of the suit. The verdict was for the plaintiff, and the defendant excepted to the instruction.

*Leland,* for the defendant, contended : —

1. That to maintain this action against a minor, it must be shown that the defendant, *at the time the money was put into his hands,* intended to defraud the plaintiff of it, or wrongfully convert it to his own use. *Campbell* v. *Stakes, 2 Wend.* 137 ; 2 *Kent's Com.* 241.

2. The defendant here was liable, if any liability existed, only on the contract made when the money was put into his hands ; and the plaintiff has no right to turn an action of contract into an action of tort, to avoid the defence of infancy. Where assumpsit would lie, if of age, trover will not, if a minor. *Jennings* v. *Rundall,* 8 *T. R.* 335 ; *Story on Bailments,* 35 ; *Bristow* v. *Eastman,* 1 *Esp. Rep.* 172 ; *Green* v. *Greenbank,* 2 *Marsh.* 485 ; *Smith* v. *Bickmore,* 4 *Taunt.* 474 ; *Curtin* v. *Patton,* 11 *Serg. & R.* 310 ; *Penrose* v. *Curren,* 3 *Rawle,* 351.

*J. Shepley,* for the plaintiff.

The argument for the defendant, admits, that the wager was illegal and void, and that an action of assumpsit might have been maintained for the money, had not the plea of infancy been interposed ; but insists, that because an action for money had and received might have been brought, infancy is a good defence to this. The well settled principle, that where trespass *quare clausum* will lie for cutting and carrying away timber, assumpsit will also lie, if the timber have been converted into money, is sufficient to show this position untenable. It will not be pretended, that infancy would furnish a defence in trespass *quare clausum.* But the money did not come into the hands of the defendant by virtue of any valid contract, as the authorities abundantly show, and as is admitted. Trover would have been the proper action, had the defendant been of full age. It is brought for the conversion of money belonging to the plaintiff, which came into the hands of the defendant without any legal authority, and which he had no legal right to retain for a moment. Here was no violation of any contract, because there was no contract, or none but an illegal one, but a wrongful act in converting the plaintiff's property. If therefore the *New-York* and *Pennsylvania* cases relied on in relation to the misuse of an hired horse, be better law than that of *Massachusetts* on the same subject, which is much doubted, still it does not touch this

case. The case from 3 *Rawle,* cited for defendant, is in favor of the plaintiff. *Mills* v. *Graham, 4 Bos. & P.* 140; *Vasse* v. *Smith,* 6 *Cranch,* 226; 1 *Chitty on Pl.* 137; 2 *Kent's Com.* 241; *Wheelock* v. *Wheelwright,* 5 *Mass. R.* 104; *Homer* v. *Thwing,* 3 *Pick.* 492.

The case was continued for advisement, and the opinion of the Court subsequently drawn up by

SHEPLEY J. — While the general rule is admitted, that a contract cannot be converted into a tort by the form of action to charge an infant, a difference of opinion in the application of it will be found in the decided cases.

It has been decided, that an action on the case for deceit cannot be maintained against an infant for knowingly and falsely warranting a horse to be sound. 2 *Marshall,* 485. And *Gibbs C. J.* in that case, cites the case of *Cross* v. *Androes,* which decided, that an infant was not liable for the loss of goods, committed to his care as an innkeeper. And it has been decided, that such an action cannot be maintained against an infant for selling as his own the goods of another. 1 *Keb.* 778; *Curtin* v. *Patton,* 11 *S. & R.* 310. And yet such an action seems to have been sustained upon similar principles. 1 *Nott & McCord,* 197.

A difference of opinion has arisen also under what circumstances and in what form of action an infant is chargeable for the abuse, or misuse of a horse hired. In *Jennings* v. *Rundall,* 8 *T. R.* 335, it was decided, that case or trover would not lie against an infant, for immoderately riding a horse so that it was damaged, when hired for use. And in the case of *Campbell* v. *Stakes,* 2 *Wend.* 137, where an infant drove a hired horse with such violence, that it died, it was decided, that case would not lie, as it supposed the defendant to have a rightful possession, but that trespass would lie for a wilful or intentional injury.

In the case of *Homer* v. *Thwing,* 3 *Pick.* 492, it was decided, that an infant was liable in trover where he hired a horse to go to one place and went to another and injured the horse.

In a like case of hiring and use, where the horse was killed, it was decided, that an action on the case for damages could not be maintained; and the case of *Homer* v. *Thwing,* was regarded as

erroneous. *Penrose* v. *Curren*, 3 *Rawle*, 351, *Rogers J.* remarks, that, " the fundamental error in the case, consists in considering the conduct of the infant as a violation of the contract, whereas there was no contract, that could be enforced."

In the case of *Campbell* v. *Stakes*, it is said, that if the infant should sell the horse, trover would lie. And in *Penrose* v. *Curren*, it is said, " whenever a person has not parted with his property then he can assert his right as well against an infant as an adult, as in every kind of bailment; and if the conversion had been the non-delivery of the horse and carriage hired, the owner might have maintained detinue, replevin or trover."

Where goods were delivered to a mate of a vessel, a minor, to be delivered to a foreign merchant, and he sold them and used the money, it was decided, that a special action on the case would lie. *Peigne* v. *Sutcliffe*, 4 *McCord*, 387.

So detinue will lie against an infant, where goods were delivered for a special purpose not accomplished. *Mills* v. *Graham*, 4 *B. & P.* 140.

In the case of *Vasse* v. *Smith*, 6 *Cranch*, 226, *Marshall C. J.* says, " this Court is of opinion, that infancy is no complete bar to an action of trover, although the goods converted be in his possession in virtue of a previous contract. The conversion is still in its nature a tort; it is not an act of omission but of commission, and within that class of offences for which infancy cannot afford protection."

*Mr. Justice Story*, in his treatise on bailments, says, " if an infant receive a deposit, he is bound by the general principles of law to restore it, if it is in his possession or control; but he is not responsible if he loses it." *Story on Bailments*, 35. And *Kent* says of an infant, " he is liable in trover for tortously converting goods intrusted to him." 2 *Kent*, 241.

It will be perceived, that the general rule, that an infant is liable for goods entrusted to his care and converted by him, is not questioned in any of these cases. What amounts to proof of conversion has occasioned the difference between the courts of *Massachusetts* and *Pennsylvania*. And if it be difficult to perceive, that a violation of a contract, which the law does not regard as binding, would amount to a conversion of the property; there may be equal

difficulty in understanding why there has not been a conversion when a horse has been hired and killed by bad usage. And it would seem, that in the cases of *Campbell* v. *Stakes*, and of *Penrose* v. *Curren*, the plaintiffs might have recovered upon a count in trover. For that form of action does not suppose, that a contract has existed; and the infant could not be excused for not delivering the horse by alleging his own misconduct.

All wagers in this State being unlawful, no question is raised in the present case, except upon the liability of the defendant in this *form of action for refusing to deliver property entrusted to his care*, after a demand and refusal, and in such a case there does not appear to be any doubt, that the action may be maintained.

*Exceptions overruled.*