PAYNE *vs.* THE PACIFIC MAIL STEAMSHIP COMPANY.

This court has jurisdiction, on appeal, of an *order* of the court of First Instance, affecting the merits in a case, where the appeal was brought *before* the passage of the act of Feb. 28th, 1850.

The plaintiff recovered judgment against the defendants for $1000, that sum being the amount of damages awarded by a jury, before whom the cause was tried. On motion for a new trial, the judge of First Instance ordered that the judgment should be set aside, and a new trial granted, unless the plaintiff would consent to remit $400 of the judgment which had been rendered in his favor. On appeal from this order, *held*, that this court had jurisdiction of the appeal, and the order was reversed and set aside.

Whether a court of First Instance has power to set aside, vacate, or modify its own judgment, when once finally entered: Query?

The rules by which courts are governed in setting aside the verdicts of juries on the ground of excessiveness of damages, considered. *Per* HASTINGS, Ch. J.

The order appealed from is not a matter resting in the discretion of the court, and is reviewable on appeal.

THE action was brought to recover damages for neglecting to supply the plaintiff with wholesome food on the passage from Panama to the port of San Francisco, and for the loss of the plaintiff's baggage. The value of the baggage was estimated by witnesses to have been about $400, in the city of New York, and from $1200 to $1600 in San Francisco. The defendants were a company engaged in the transportation of passengers from Panama to San Francisco, and from San Francisco to Panama. Considerable evidence was given on the trial, but no point of law was made, and the whole matter was a question for the determination of the jury upon the evidence. The jury having found a verdict for $1000 in favor of the plaintiff, the court of First Instance, after having rendered judgment on the verdict, made an order, on motion of the defendants, setting aside the judgment and verdict, unless the plaintiff would consent to remit $400. From this order the appeal was taken. The case differs from that of *Loring* v. *Illsley* (*ante, p.* 24,) in this respect, that here the order was made and the appeal taken *before* the passage of the act of February 28th, 1850, whereas, in the case referred to, the judgment was rendered *before*, but the appeal was not taken until *after* the passage of that Act.

*Mr. Groat*, for the plaintiff, and

*Hall McAllister*, for the defendant.

*By the Court*, HASTINGS, Ch. J. Two causes are assigned for the dismissal of the appeal. 1st. That an appeal will not lie from the decision of the court below, setting aside the verdict of the jury and granting a new trial. 2d. The decision appealed

from was the exercise of a discretion of the court which an appellate court ought not to interfere with.

That appeals from any judgment, order, or determination of the court of First Instance, taken before the passage of the statute of February 28th, 1850, and from any such judgment, order, or determination, made or rendered after the passage of said Act, will lie to this court, is clear from the third and sixth sections of said Act. This appeal was taken on the 8th day of February, A. D. 1850, and was clearly within the provisions of said third section.

The sixth section regulating the mode of effecting an appeal, among other things, provides, " That appeals may be taken " from any final judgment of any court of First Instance, ren- " dered since the first day of January, A. D. 1847, or from any " judgment or order of said court which may be rendered any " time hereafter."

The case of *Loring* v. *Illsley*, decided by this court, falls within the provisions of said sixth section, the judgment having been rendered before, and the appeal taken, after the passage of the Act. A writ of error will not usually lie for the purpose of reviewing any order or judgment of any inferior court founded upon the sound discretion of the court, but this court possesses more power than ordinarily pertains to a court of errors, to wit: it is styled an appellate court, and is authorized by law to enter-tain appeals from interlocutory orders, decrees, judgments, and determinations of all the courts of this state, in the manner limited and prescribed by law. It is a court of the last resort, except in the few instances in which appeals will lie from its decisions to the supreme court of the United States, which right is suspended until the admission of the state into the Union. In the case of *Campbell* v. *Stokes*, 2 *Wendell*, 145, Chancellor Walworth, in delivering the unanimous opinion of the court of errors, says, " There is a manifest difference to be " observed between the proceedings on writs of error in this " court and the proceedings of the supreme court on writs of " error to inferior tribunals," from which it may be inferred that courts apparently possessing the same prerogatives and

jurisdiction, may differ widely in the extent of their power. Entertaining these views, we think the motion to dismiss the appeal should be overruled. The question whether the court below erred in setting aside the verdict and ordering a new trial, unless the plaintiffs should enter a *remittitur* of $400, still remains to be settled. Although no cause appears of record for setting the verdict aside, it is to be presumed that the cause was excessive damages. It is admitted that the record contains all of the testimony. Courts with great reluctance ever interfere with the finding of a jury in an action for unliquidated damages for reason that the damages are excessive, and a court ought never to set aside a verdict for such a cause, unless, beyond doubt, the verdict be unjust and oppressive, obtained through some undue advantage, mistake, or in violation of law, as upon questions so peculiarly pertaining to the powers and investigation of the jury, it ought to be presumed that the verdict of the jury is correct. In this case the action was instituted for recovery of damages for neglecting and refusing to supply the appellant with wholesome food, while a passenger on the steamer *Panama*, from Panama to the port of San Francisco, for loss of baggage, estimated by witnesses to be of the value of $400, in the city of New York, and of $1200, or $1600, in this country, and for consequential damages arising therefrom.

It seems to be extremely questionable whether courts of First Instance possess the power of granting new trials, as practiced in courts of common law. That such courts could set aside any interlocutory order or sentence, there seems to be no doubt, but a definitive sentence once pronounced could not be altered except by the next superior court in grade on appeal. (*Escriche*, *Sala's edition*, 284–5.)

It appears to be repugnant to the policy of the civil law system of practice to permit the courts to set aside or revise their judgments once rendered, so jealous is that system of the motives which might induce the judges to review their own sentences after they had once been declared. The court in this case submitted the assessment of damages to a jury, who returned a verdict for the plaintiff for the sum of $1000, a sum far less

than the amount claimed. No violation of law, or any established rules of practice, or mistake, or fraudulent acts on the part of the plaintiff, are alleged as a cause for interfering with this verdict. The right of trial by jury in civil as well as criminal cases, being secured by the Bill of Rights, and believing, as we do, that it is the duty of this court to remove every obstacle in the way of a free exercise of this right, and that it should not be interfered with on the part of the courts, except for the reasons above alluded to, and that in the end, however just it may have appeared to the court below to set aside this verdict, great abuse, if not the destruction of this right, would ensue, we are of the opinion that the order of the court of First Instance, granting a new trial, should be reversed. So much, therefore, of the proceedings of the court below, which provide for a new trial on the issue joined, is reversed, and said court is ordered to enter up judgment upon the verdict.