(101 App. Div. 53)

### POWERS et al. v. JUGHARDT.

(Supreme Court, Appellate Division, Second Department. January 6, 1905.)

1. LIABILITY OF BAILEE—BURDEN OF PROOF.

Where a horse was in good condition when it was placed in possession of a bailee for hire, and was found the next morning to be injured in a manner which was not likely to occur without negligence, the burden is on the bailee to show that the injury was the result of an accident, without negligence on his part.

Appeal from Municipal Court, Borough of Brooklyn, Second District.

Action by Patrick H. Powers and another, composing the firm of P. H. Powers & Son, against William G. Jughardt. From a judgment for defendant, plaintiffs appeal. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, and HOOKER, JJ.

Robert B. Bach, for appellants.
Donald F. Ayres, for respondent.

WOODWARD, J. The plaintiffs bring this action to recover for the board of defendant's horse, shoeing, etc.; the claim aggregating $139.30. The defendant admitted the amount of the claim, with the exception of about $27, but put in a counterclaim for $150 for an injury to his horse while in the plaintiffs' keeping. The horse, which appears to have been a driving horse worth about $300, sustained a lacerated wound of the eye, resulting in the loss of sight, and the evidence was sufficient to support the amount of the counterclaim.

The rule appears to be well settled that where property is in the exclusive possession of a bailee for hire, and is injured in a way that ordinarily does not occur without negligence, the burden of proof is upon the bailee to show that the injury was not occasioned by his negligence. Collins v. Bennett, 46 N. Y. 490; Wintringham v. Hayes, 144 N. Y. 1, 6, 38 N. E. 999, 43 Am. St. Rep. 725, and authorities there cited. The evidence disclosed that the plaintiffs had the horse in their possession for hire; that the defendant drove the horse on a Saturday afternoon, returning the same to the stable at about 5 o'clock in the evening; and that the animal was all right at that time. The horse was placed in a box stall at the request of the defendant, and on the following morning the animal was found to have been injured as stated above. While the evidence was not as direct as might have been desired, there appears to be no reason for believing that the horse was injured during the afternoon of Saturday. One of the plaintiffs, who saw the horse when it was brought in, although interrogated, was not willing to testify that

¶ 1. See Bailment, vol. 6, Cent. Dig. § 125.

the horse was not in proper condition; and the defendant testifies to a general examination of the horse—to standing in front of the animal and feeding him sugar—and he says that there was "nothing the matter with the horse" at that time. The defendant showed that there was a nail projecting from a bar across a window in the box stall, and that this nail stood out about half an inch, and that the horse might have been injured by coming in contact with this nail; but, as the plaintiffs offered no evidence to explain the injury, we are of the opinion that it is not important whether this was in fact the cause of the accident. The defendant had established a prima facie case when he had showed that he placed the horse in the hands of the plaintiffs in good condition, and that the animal was injured in a manner which was not likely to occur without negligence,. and it was then for the plaintiffs to show that the accident occurred without negligence on their part.

While there was a sharp conflict of evidence upon the question of the disputed items of the plaintiffs' bill, the evidence does not preponderate in either direction sufficiently to justify this court in interfering with the decision of the court below. Judgment was found in favor of the defendant, and the evidence is sufficient to support the judgment.

The judgment appealed from should be affirmed, with costs. All concur.