(107 App. Div. 300.)

SELESKY v. VOLLMER.

(Supreme Court, Appellate Division, Second Department.   August 31, 1905.)

1. APPEAL—FROM JUDGMENT ONLY—REVIEW.
    The court, on an appeal from a judgment, limits its review to the exceptions.

2. BAILMENT—INJURY TO PROPERTY BAILED—BURDEN OF PROOF.
    A hirer of a horse has the burden of proving that the death of the horse, from a disease which developed while it was at the work for which it was hired and under his exclusive possession, was not occasioned by his negligence.
    [Ed. Note.—For cases in point, see vol. 6, Cent. Dig. Bailment, § 125.]

Appeal from Kings County Court.

Action by Leonhard Selesky against Henry Vollmer. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, RICH, and MILLER, JJ.

Jacob H. Denenholz and Edw. R. Vollmer, for appellant.
H. W. Griffiths and F. H. Kellogg, for respondent.

HIRSCHBERG, P. J.   The defendant hired a horse from the plaintiff for use in drawing a tombstone a distance of some 13 miles. The horse was in good condition at the time he was received by the defendant's driver, but died from acute colic, which developed during the day and while he was engaged at the work for which he was hired.   There was some evidence that the driver was intoxicated, and he was not called as a witness.   There was also a conflict of evidence upon the question whether the disease was produced by fermentation of food or by exhaustion from overwork. This question was submitted to the jury under proper instructions, and the verdict of the jury is a finding that the death of the animal was occasioned by misuse.

The appeal is from the judgment only, and we accordingly limit our review to the exceptions.   The exceptions taken to the admission or rejection of evidence do not justify interference with the result; but the learned counsel for the appellant insist that the court erred in charging the jury that the burden was on the defendant to show that the horse, while in his possession, received proper care.   No exception was taken to the charge in this or in any other respect, nor was the question raised in any manner upon the trial.   But

the rule laid down by the court appears to be in accord with the decisions in this state, to the effect that the burden of proof rests with the bailee for hire to show that an injury which does not ordinarily occur was not occasioned by his negligence, where the property is exclusively in his possession. Collins v. Bennett, 46 N. Y. 490; Ouderkirk v. C. N. Bank, 119 N. Y. 263, 23 N. E. 875; Rutherford v. Krause, 55 App. Div. 210, 66 N. Y. Supp. 781; Snell v. Cornwell, 93 App. Div. 136, 87 N. Y. Supp. 1.

The judgment should be affirmed.

Judgment affirmed, with costs. All concur.