### CAMPANY v. BRAYTON.

(Supreme Court, Appellate Division, Third Department. January 5, 1916.)

INFANTS ⬅98—ACTIONS FOR TORTS—BURDEN OF PROOF.

    An infant, sued for the value of a horse hired by him and injured while in his exclusive possession, had the burden of showing, in addition to the fact of infancy, that the horse was injured while he was driving it with that degree of care which his infancy justified; it being the rule that a bailee for hire, having exclusive possession, has the burden of showing that an injury which does not ordinarily occur was not occasioned by his negligence.

    [Ed. Note.—For other cases, see Infants, Cent. Dig. § 293; Dec. Dig. ⬅98.]

Appeal from Washington County Court.

Action by Benjamin Campany against James C. Brayton. From an order and judgment of the County Court, reversing a judgment of a justice of the peace in favor of defendant, defendant appeals. Affirmed.

Argued before KELLOGG, P. J., and LYON, HOWARD, WOODWARD, and COCHRANE, JJ.

Fisk & Lewis, of Hudson Falls (L. R. Lewis, of Hudson Falls, of counsel), for appellant.

W. Chase Young, of Hudson Falls, for respondent.

WOODWARD, J. The complaint, in justice's court for the town of Kingsbury, Washington county, alleges, in addition to the formal matters of residence, that "on or about the 25th day of April, 1911, at defendant's request, plaintiff loaned a certain horse, of which he was the owner and in lawful possession, to defendant for the expressed

and agreed purpose of driving directly from Hartford to the village of Hudson Falls, N. Y., and directly back from the village of Hudson Falls to Hartford." It then alleges that the defendant did not travel by the direct road, etc., evidently upon the theory that there had been a conversion of the property, and that the horse was injured, so that it became necessary to shoot him, and that the horse was reasonably worth the sum of $200. As a second cause of action the above facts were realleged, and "upon information and belief that said injury was caused solely through the negligence of the defendant herein," and still on information and belief "that said injury was caused through no negligence on the part of the plaintiff, or on the part of his agents or servants, but solely through the negligence of the defendant by his driving in a careless, reckless manner."

The answer generally denies the allegations of the complaint, except as hereinafter expressly admitted, and then alleges that on the date fixed by the complaint the "defendant hired a certain horse of the plaintiff for the expressed purpose of driving to or near Hudson Falls and elsewhere, and to return to the place of the plaintiff; that while so driving said horse, without negligence or fault of the defendant, broke its leg and was thereby rendered worthless." For an affirmative defense, the ·defendant alleges that "at the time of said accident, and at the times mentioned in said complaint, defendant was under the age of 21 years, to wit, 20 years on April 6, 1911," and further that the damages had been fully paid, satisfied, and released.

Upon the trial of the issues before a justice of the peace a judgment of no cause of action was rendered, and from this judgment the plaintiff appealed to the County Court, where the judgment was reversed; the court holding that there was no evidence to support the first cause of action, but that the plaintiff had established a prima facie case as to the second cause of action. From the order of reversal the defendant appeals to this court.

The defendant suggests that under the ruling of the court in Campbell v. Stakes, 2 Wend. 137, 19 Am. Dec. 561, and that of Moore v. Eastmen, 1 Hun, 578, and Young v. Muhling, 48 App. Div. 619, 63 N. Y. Supp. 181, the ruling of the County Court is erroneous. The latter case relies for authority upon Campbell v. Stakes, supra, and the case in Hun appears to be along the same lines. There is no doubt that the doctrine of these cases, as applied to the facts before the court, is in harmony with the law. But Campbell v. Stakes, supra, did not hold the doctrine that an infant could hire a horse, and drive it in such a manner as to break its leg, and rely wholly upon his infancy to relieve him of obligation in the premises. The case was somewhat complicated in its presentation. On the original plea of infancy there was a failure to allege any matter excusing the accident, but upon a subsequent plea, which under the then practice appears not to have been available to the defendant, it was alleged that the injury complained of occurred in the act of driving the mare, through the unskillfulness and want of knowledge, discretion, and judgment of the defendant. The court, in commenting upon this allegation of the answer, says:

"With that averment I think the plea of infancy, with the contract of hiring, would have been a complete answer to the action. But without such averment I think the court were bound to presume it was a willful injury, which would amount to an election by the infant to disaffirm the contract. I therefore am of the opinion that the judgment of the Supreme Court on the pleadings as they stood was correct."

This is in harmony with the rule prevailing in this state that the burden of proof rests with the bailee for hire to show that an injury which does not ordinarily occur was not occasioned by his negligence, where the property is exclusively in his possession. Selesky v. Vollmer, 107 App. Div. 300, 95 N. Y. Supp. 130. It is to be noted that Willard Bartlett, J., who wrote the opinion of the court in Young v. Muhling, supra, concurred in the opinion in Selesky v. Vollmer, supra; the opinion of the court being unanimous. The defendant here could plead infancy, and it was in part good; but he was bound to show, in addition, that the horse was injured under circumstances consistent with the immunities which belong to infancy. He could not, by his mere silence, place the burden of the injury upon the plaintiff. He could show that the horse was injured while he was driving him with the degree of care which infancy justified, and in the absence of such proof there was ground for a judgment against him.

The order and judgment appealed from should be affirmed, with costs. All concur.