## PETERSEIL v. WISHNER.

(Supreme Court, Appellate Term, First Department. May 26, 1916.)

1. ANIMALS ☜27—ACTION AGAINST BAILEE—EVIDENCE—PRESUMPTION.

If a horse, in good condition when delivered to a bailee for hire, dies, one hour after being returned, from injuries received between the time of delivery and return, the burden is on the bailee to show the injury was the result of an accident. without negligence on his part.

[Ed. Note.—For other cases, see Animals, Cent. Dig. §§ 70–78; Dec. Dig. ☜27.]

2. ANIMALS ☜27—ACTION AGAINST BAILEE—EVIDENCE.

Where a horse, delivered to a bailee for hire, is severely injured in his possession, and becomes exhausted, but bailee continues his journey, he is liable for the injury occasioned thereby.

[Ed. Note.—For other cases, see Animals, Cent. Dig. §§ 70–78; Dec. Dig. ☜27.]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Wolf Peterseil against Benjamin Wishner. From a judgment in Municipal Court for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued May term, 1916, before GUY, BIJUR, and COHALAN, JJ.

Benjamin A. Hartstein, of New York City (J. M. Cohen, of New York City, of counsel), for appellant.

Harold L. Kunstler, of New York City (Louis R. Glantz, of New York City, of counsel), for respondent.

COHALAN, J. On the 27th day of December, 1915, the defendant hired for an agreed compensation a horse and wagon from the plaintiff. The horse was a young animal, and was in good condition when intrusted to the defendant. He was driven to the Bronx with a load weighing 2,200 pounds. On the return trip the horse stepped into a hole at 138th street, and was severely injured; nevertheless the defendant continued to drive the animal in a lame and bleeding condition as far as Twenty-Sixth street, where the condition was such that it was unhitched, and finally was led by a boy to the stable of the plaintiff at 29 Willett street. The horse died within an hour. A veterinary, called to examine the horse, found that a hip bone had been fractured, which caused an internal blood vessel puncture, in consequence of which the animal bled to death.

[1] The severe injuries sustained by the horse were sufficient to have placed the defendant upon inquiry as to its condition. In fact, on the way from the Bronx, his attention had been called to the injured animal. It is undisputed that, when the horse was placed in the possession of the bailee for hire, it was in good condition, and that it

died one hour after it had been returned. The burden, therefore, was on tne bailee to show that the injury was the result of an accident, without negligence on his part. Collins v. Bennett, 46 N. Y. 490; Selesky v. Vollmer, 107 App. Div. 300, 95 N. Y. Supp. 130; Powers v. Jughardt, 101 App. Div. 53, 91 N. Y. Supp. 556.

[2] When the horse became injured and exhausted, it was the duty of the defendant to abstain from using it, and, having continued his journey, he must be held liable for the injury occasioned thereby. The plaintiff made out a prima facie case of negligence, and the defendant failed to rebut it by satisfactory proof.

The judgment is reversed, and new trial ordered, with $30 costs to appellant to abide the event. All concur.