DANIEL C. HEATH, BY HIS NEXT FRIEND BARBARA HEATH *v.* WYMAN STEVENS.

An infant may recover for what he has paid or done while an infant in execution of his voidable contract by restoring what he received under the contract, if it remain in specie ; or, if not, by accounting for the value of it.

Where an infant received money under his contract, and afterwards while an infant paid money in execution of the contract, in an action to recover back money paid under the contract, it is not necessary that the infant should first repay the money he received under the contract, but he must account for so much towards the sum which he paid in execution of the contract.

Where the consideration of an infant's contract consisted partly of money paid for him, and partly of an undertaking by the defendant involving uncertain risks, if the infant seeks to recover back money paid in execution of the contract, it must be left to a jury to determine what, under all the circumstances, it was reasonable the infant should engage to buy, and that sum should be allowed to the defendant against the money paid in execution of the contract, and the balance, if any, recovered by the plaintiff.

IN this case the parties agree upon the following statement of facts, reserving to each the right to go to the jury upon anything agreed to in this statement :

About the first of April, A. D. 1865, the plaintiff, Daniel C. Heath, went from his home in Danbury, in this county, to White River Junction, for the purpose of enlisting, in company with several others, and was rejected, and while there, this plaintiff met the defendant, who had just returned from New York, and the defendant told the plaintiff what bounties were being paid in that State, and that they were much larger than at White River Junction. The plaintiff then informed the defendant that if he (the defendant) would pay his car fare out to New York, he would give him $200 out of his bounty, if he was accepted ; if he was not accepted, the defendant was to pay the plaintiff's fare back. The defendant did not ask or request the plaintiff to go, but the plaintiff did go with the defendant under the aforesaid agreement, enlisted for three years, and got $700 bounty, and paid the defendant $200, the defendant paying the plaintiff's expenses to New York. The plaintiff served some five months and returned home.

At the time when the plaintiff went to New York with the defendant, and at the time when he made the aforesaid agreement, he was not twenty-one years of age. After the plaintiff returned home he brought this suit to recover of the defendant the said $200, which he had paid as aforesaid. Now if the court shall be of the opinion that, upon the foregoing state of facts the plaintiff can recover, then there is to be judgment for the plaintiff for that sum and for costs ; otherwise, for the defendant for costs.

*Lord & Sulloway,* for plaintiff.

*Murray,* for defendant.

PERLEY, C. J. The plaintiff was not legally bound to perform his contract made while he was an infant; but he voluntarily performed it before he became of age; and he is not here defending an action brought to enforce the contract, but he seeks to recover back money which he paid while under age in execution of the contract. Two objections are made to his right of recovery:

1. That money paid by an infant in execution of his voidable contract cannot be recovered back.

2. That the plaintiff must first restore what he received under the contract before he can rescind it and recover back the money he paid in execution of the contract.

On the first of these points the decisions have not been unanimous. In *Holman* v. *Blogg*, 8 Taunt. 508, it was held that if an infant pays money with his own hands without a valuable consideration he cannot get it back again; and where an infant paid money to *A* as a premium for a lease and enjoyed the same for a short period during his infancy, but avoided it after he became of age, it was decided in the same case that he could not recover the sum so paid in an action for money had and received against *A*. The doctrine of *Holman* v. *Blogg* was followed in *M'Coy* v. *Hoffman*, 8 Cowen 84, in which case it was held that where an infant performs work in payment of his contract, or pays money on his contract, he cannot by avoiding his contract get back the money or recover compensation for his labor. And in our case of *Weeks* v. *Leighton*, 5 N. H, 343, it was held, on the authority of *Holman* v. *Blogg*, and *McCoy* v. *Hoffman*, that when an infant rescinds his contract on the ground of his infancy, he is not entitled to recover any compensation for labor he may have performed under it.

*Weeks* v. *Leighton* was directly overruled in *Lufkin* v. *Mayall*, 25 N. H. 83; and the later case of *Locke* v. *Smith*, 41 N. H. 346, is also to the point that an infant may recover for what he has done or paid under an executed contract, provided he restore, or account for, what he has received under the contract. *McCoy* v. *Hoffman* has been overruled in New York; *Milliard* v. *Hewlett*, 19 Wend. 301, *Medbury* v. *Watrous*, 7 Hill 110; and *Holman* v. *Blogg* was questioned and evaded, if not directly overruled in *Corpe* v. *Overton*, 10 Bing. 252. The authorities are numerous in other jurisdictions that an infant, upon rescinding an executed contract, may recover for what he has done or paid under it, provided he restore, or account for, what he has received under the contract. *Moses* v. *Stevens*, 2 Pick. 332; *Vent* v. *Osgood*, 19 Pick. 572; *Judkins* v. *Walker*, 17 Maine 38; *Thomas* v. *Dyke*, 11 Vt. 272; *Taft* v. *Pike*, 14 Vt. 505; *Hill* v. *Anderson*, 5 S. & M. 216; Tipton, 3 Jones (Law) 552; and the question must be considered as settled in this State by the recent cases of *Lufkin* v. *Mayall*, and *Locke* v. *Smith*.

It is now extremely well settled that if an infant would rescind his voidable contract, and recover back what he has paid under it, or compensation for what he has done under it, he must first restore the thing that he received under the contract, if it remain in specie and within his control; or, if not, must account for the value of it. But if what he

has received has been consumed, or for any other cause cannot be returned in specie, he may recover for what he paid or did under the contract by deducting what he received or the value of it from the amount that he paid, or from the value of the services which he rendered. Thus in *Locke* v. *Smith*, 41 N. H. 346, the infant agreed to work for his board, and it was held that he might avoid the contract and recover for his work what it was worth, though he could not restore what he had received; but that he must allow by way of deduction whatever his board was worth. "The infant cannot,". say the court, "repudiate the contract so as to recover for his labor and allow nothing for his board." Where the contract of the infant was executed before he became of age, and the nature of the case is such that he cannot restore in specie what he received under the contract, this does not prevent him from recovering what he paid, or for what he did, by allowing for the amount and value of what he received.

What, then, did the plaintiff receive from the defendant under this contract? Certainly not the bounty money paid to the plaintiff when he enlisted; for that never belonged to the defendant; he never had it, nor any right to it; and of course cannot ask that it should be restored to him. The consideration of the contract, moving from the defendant was the information he gave respecting the bounties paid in New York, his payment of the plaintiff's fare to New York, and his undertaking to pay his fare back if he was not accepted as a recruit. The defendant paid the plaintiff's fare to New York, agreed to pay his fare back if he was not accepted, and took the risk of losing both, if he was not accepted; he also gave him the information which led to his enlistment and the receipt of the bounty money. The money paid for fare to New York the plaintiff could repay; but the other parts of the consideration of the contract cannot be restored; all the plaintiff can do in reference to them is to allow for them what the defendant ought in equity and justice to have.

As to the money paid by the defendant for the plaintiff's fare, the defendant, having received the two hundred dollars stipulated by the contract, is in no view of the case entitled to have that money paid to him again. If it were paid to him and he took it, it must be recovered back again in this suit. The law will not require him to pay over money in order to maintain an action, when the money paid must be recovered back in the same action. In the early case of *Baker* v. *Lovett*, 6 Mass. 78, the infant plaintiff had settled a claim for an assault and battery and received a sum of money in full satisfaction. The court held that he was not bound by the settlement, but that the sum he had received should be deducted by the jury, on trial, from the amount of his damages as found by them; and the plaintiff was not required to go through the idle ceremony of paying back the money he had already received in order that he might recover it again in that suit. In that case the plaintiff had received a sum of money under the contract by which he had discharged his claim to larger damages for the assault and battery; he repudiated the contract on the ground of infancy, and was allowed to maintain his action without repaying the money he had received

on the contract by allowing it on trial towards his damages. The case of *Breed* v. *Judd*, 1 Gray 457, involves the same doctrine, and is in the material facts substantially like the present. There the defendants had advanced money for the plaintiff's outfit to California, and in consideration of this the plaintiff promised them one third part of his earnings while there, which he paid to the defendants accordingly before he was of age; and the action was brought to recover back the money. The money received by the plaintiff for his outfit was not repaid before the suit was brought, nor was this held to be necessary; but the court left it to the jury to find whether, under all the circumstances and looking to the risks incurred by the defendants, the contract was reasonable; if so, that nothing could be recovered back.

We think the two cases of *Baker* v. *Lovett* and *Breed* v. *Judd* are authorities in point, and furnish the rule which must govern this case. It is not necessary that the money paid for the plaintiff's fare should be repaid before this suit can be maintained, but it must be allowed towards the claim of the plaintiff; and as to the whole question of what shall be allowed to the defendant it must be left to a jury to say what is a reasonable sum for the defendant to have on account of what he did and of the risks he took in this contract with the plaintiff, and allow the defendant such reasonable sum as under all the circumstances they think he ought in justice to have.

The case must be discharged and the action stand for trial, as facts are not stated which will authorize the court to render a judgment.