## EATON & A. *v.* HILL.

An infant bailee of a horse is liable for positive tortious acts wilfully committed, whereby the horse is injured or killed.

But for a mere breach of contract, as a failure to drive the horse skilfully, the infant cannot be made liable by changing the form of action to tort.

An action on the case will lie against an infant bailee for his positive tortious act by which the thing bailed is injured or destroyed; but in such case the character of the act should be stated in the declaration, that it might be seen to be such a tort as amounted to a disaffirmance of the contract of bailment.

CASE, by Eaton & Whittemore *v.* Charles E. Hill and Dana Cummings. The declaration and plea of Chas. E. Hill make part of the case, and to the plea the plaintiffs demurred generally. Declaration. " In a plea of the case for that the said defendants, on the twenty-fourth day of June, 1870, at Manchester aforesaid, in the county aforesaid, hired of the said Eaton & Whittemore a certain horse and carriage, to ride from said Manchester to said Nashua, for a certain price; and the said Eaton & Whittemore delivered to the said defendants the said horse and carriage for that purpose. Yet the defendants so carelessly

and immoderately drove said horse, that by means thereof the said horse, on the said twenty-fourth day of June, 1870, at Nashua aforesaid, died." Plea. "And the said Charles E. Hill, who is under the age of twenty-one years, by Charles R. Morrison, his guardian, who is admitted by the court to defend for him, comes and defends, &c., when, &c., and says, that at the time of the letting, careless and immoderate driving, and death of the horse therefrom, in said declaration mentioned, the said Charles E. Hill was under twenty-one years of age, to wit, was of the age of eighteen years, and no more, and this he is ready to verify. Wherefore he prays judgment if the plaintiffs their action aforesaid ought to have or maintain against him and for his costs," &c.

*Clark & Huse*, for plaintiffs.

This is an action on the case to recover damages for the tortious act of the defendants, and such an action is understood to mean an action in form *ex delicto*. 1 Chitty's Pleading, 132; Stephens on Pleading, 16. The general principle applicable to this case is, that infants are liable for substantial torts, irrespective of the form of action which the law prescribes for the redress of the wrongs. They are not liable for mere negligence in not performing contracts, but are liable for injuries resulting from their tortious acts. An infant is as fully liable as an adult, in an action for damages occasioned by injury to the property of another by his wrongful act. *Conklin* v. *Thompson*, 29 Barb. 218; *Bullock* v. *Babcock*, 3 Wend. 391; Met. Contr. 49; Addison on Torts, 731; 2 Kent's Com. 240, 241; *School Dist.* v. *Bragdon*, 23 N. H. 507; *Homer* v. *Thwing*, 3 Pick. 491; *Fitts* v. *Hall*, 9 N. H. 441; *Towne* v. *Wiley*, 23 Vt. 355; 1 Esp. Rep. 173. An action of case does not necessarily arise from or grow out of a contract. In a similar case to the one in question, it was said, "If the infant does any wilful and positive act which amounts, on his part, to an election to disaffirm the contract, the owner is entitled to the immediate possession. If he wilfully and intentionally injures the animal, an action of trespass lies against him for the tort." And we see no reason why case should not, on the same principle, lie against him, if the tort was subsequent to the contract and not a mere breach of it, but a distinct and positive wrong of itself, and the injury is the consequential result, as in the present case. Com. Dig. Action on the Case (A. 5); *Cole* v. *Fisher*, 11 Mass. 136.

In *Bristow* v. *Eastman*, 1 Esp. Rep. 172, it was held by Lord KENYON that infants were liable to actions *ex delicto*, though the action was in form *ex contractu*, if in point of substance it was of the former. This was an action of assumpsit for money had and received. In the old English cases, there was an evident disposition to rule in favor of the infant's exemption. And it was held in *Manby* v. *Scott*, and approved in *Jennings* v. *Rundall*, that "all the infants in England would be ruined" by allowing an infant to be charged in trover, for goods received on a contract and converted; but the decisions of courts at the present time are based upon a more equitable principle. It has been re-

peatedly held, and may now be considered a well established doctrine, that infants are liable in trover (which is a species of action on the case) for goods entrusted to their care, and unlawfully converted. 3 Pick. 492 ; *Vasse* v. *Smith,* 6 Cranch 226 ; *Campbell* v. *Stakes,* 2 Wend. 137 ; *Lewis* v. *Littlefield,* 15 Maine 233 ; *Walker* v. *Davis,* 1 Gray 506 ; *Baxter* v. *Bush,* 29 Vt. 465.

*C. R. Morrison,* for Hill.

The declaration upon its face treats the contract as subsisting. It shows only the absence of that care, prudence, and judgment in the treatment of a hired horse that the law expects and requires of an adult, but not of a minor. There can be no recovery in this form of action and under such a declaration, and there ought to be none. The law goes quite far enough in allowing the lender to recover in trover or trespass for a *wilful,* positive wrong, in disaffirmance of the contract. It may be hard for the plaintiffs to lose a horse through the indiscretion of a boy of eighteen, but it is harder still that hundreds of boys should be ruined by the facility with which horses are hired without the knowledge, and against the will, of their parents and guardians, who, if any injury happens, are called upon to foot the bill. *Jennings* v. *Rundall,* 8 T. R. 237 ; *Wilt* v. *Welsh,* 6 Watts 1; *Campbell* v. *Stakes,* 2 Wend. 137 ; 2 Greenl. Ev. § 368 ; Schouler's Domestic Relations 565 ; *Prescott* v. *Norris,* 32 N. H. 101 ; 1 American Leading Cases, 109–115.

BELLOWS, C. J. The substance of the declaration is, that the defendant having hired the plaintiffs' horse for a short journey, drove him so carelessly and immoderately as to cause his death. No promise is alleged to drive him moderately and with due care, but the plaintiffs put their case upon the ground of a breach of duty by the defendant, and the doing of a tortious act; and the question is, whether a minor is liable in such case.

On this point the authorities are not altogether harmonious. In *Fitts* v. *Hall,* 9 N. H. 441, the cases were examined, and this principle deduced from them in the opinion by PARKER, C. J., that " if the tort or fraud of an infant arises from a breach of contract, although there may have been false representations or concealment respecting the subject matter of it, the infant cannot be charged for this breach of his promise or contract by a change of the form of action. But if the tort is subsequent to the contract, and not a mere breach of it, but a distinct, wilful, and positive wrong of itself, then, although it may be connected with a contract, the infant is liable." In that case it was decided that an infant was liable for deceit in falsely representing himself to be of age, and thereby inducing the plaintiff to sell him goods on credit, and afterwards avoiding his promise to pay by pleading infancy. The general doctrine of *Fitts* v. *Hall* is fully approved in *Prescott* v. *Norris,* 32 N. H. 103, per PERLEY, C. J., and is supported by the reasoning of the court in *Woodman* v. *Hubbard,* 25 N. H. 67, 73. Indeed, it would seem to be too clear to admit of controversy,

that an infant bailee must be liable for the injury or destruction of the thing bailed, by his positive, wilful, and tortious act, even although it was part of the contract, express or implied, that the goods should be safely returned. As if, in the case of the bailment of a horse, he wilfully beat him to death, or wilfully drove him so immoderately as to endanger his life, and knowing that he did so, and actually causing his death. Such acts, indeed, would be wholly unauthorized by the contract of bailment; and in respect to them the infant would stand as if no such contract existed. So that an action of trover might be maintained against him on the ground that the bailment was thereby determined. *Wentworth* v. *McDuffee*, 48 N. H. 402. It does not follow from this that for every case of immoderate driving for which an adult would be liable, an infant bailee would also be liable. The bailee in these cases is understood to stipulate for ordinary care and skill in the use of an animal so bailed, and for any injury caused by the want of it, he is liable. In the case of the infant, however, his promise to use due care and skill does not bind him, but he is still liable for positive tortious acts, wilfully committed, whereby the thing bailed is injured or destroyed. If, through want of skill and experience, the animal is unintentionally injured by the infant, it might well be contended that he would not be liable because he has made no binding promise to exercise such skill. There are cases which hold that an infant, who hires a horse for a journey, is not liable for an injury caused by immoderate driving. The case of *Jennings* v. *Rundall*, 8 T. R. 335, is of this character, and the court held that the cause of action arose out of a contract, and that the infant could not be made liable by changing the form of action to tort. This case is criticised and doubted by PARKER, C. J., in *Fitts* v. *Hall*, upon the ground that Lord KENYON seemed to regard the injury as resulting from an accident, without adverting to that part of the declaration which might, with proper proof, have made a case of conversion. It is very true that Lord KENYON, in his opinion, assumes that the injury to the horse was accidental, although the declaration alleges that the defendant wrongfully drove the mare immoderately, and so caused the injury. The other judges also assume that the cause of action was substantially a breach of contract; and if this were so, the decision was clearly right, and would not conflict with the doctrine of *Fitts* v. *Hall*.

There are other authorities that accord with *Jennings* v. *Rundall*. See 1 Am. Lead. Cases, 4th ed. 261–263, and cases cited. In *Schenk* v. *Strong*, 1 Southard 87, infancy was held to be a good bar to an action on the case alleging that a chair was lent to defendant for a particular journey, to be used carefully and returned at a specified time, yet that he went on a different journey, carelessly broke it, and did not return it at the time agreed, thereby violating his engagement in every particular. In all respects except the going a different journey, this has the character of a mere breach of contract, for which the infant cannot be made liable by changing the form of action. The using the chair for a different journey was not a mere breach of contract, but a positive tortious act for which the infant was liable in some proper form of ac-

tion. *Homer* v. *Thwing*, 3 Pick. 492 ; *Towne and al.* v. *Wiley*, 23 Vt. 353. In such cases the infant stands like an adult, and is liable on the ground that using the thing bailed for another purpose is a conversion. In such case an adult is clearly liable, *Woodman* v. *Hubbard*, 25 N. H. 72, where it was held by PERLEY, J., that driving a horse to a place beyond the limits for which he was hired was a wrongful invasion of the plaintiff's right of property, and not a mere breach of contract; and the case *Homer v. Thwing* is cited and approved. The judge says that this case, and *Vasse* v. *Smith*, 6 Cranch 231, *Campbell* v. *Stakes*, 2 Wend. 137, and *Mills* v. *Graham*, 1 Bos. and P. New 140, are strong authorities to the point that an infant who receives goods on a contract, and disposes of the property without right, is liable in trover.

In *Mills* v. *Graham*, 1 B. and P. New 140, it was held that an infant who had received of the plaintiff skins to be dressed and returned, was liable in trover for refusing to return them on demand. In Parsons on Con. 264, it is laid down that for a tort or fraud which is a mere breach of his contract, an infant is not liable ; but where the tort, though connected by circumstances with the contract, is still distinguishable from it, there he is liable,—as, if he hires a horse for an unnecessary ride, he is not liable for the hire ; but if, in the course of the ride, he wilfully abuses and injures the horse, he is liable for the tort; and if he should sell the horse, trover would lie. In 2 Greenl. Ev., § 368, it is laid down, that an infant bailee of a horse is not liable for treating him negligently or riding him immoderately, but is liable if he goes to a different place, or beats the animal to death. In *Campbell* v. *Stakes*, 2 Wend. 37, it was held that if an infant who has hired a horse, wilfully and intentionally injures the animal, trespass will lie against him, or if he does any wilful or positive act which amounts to a disaffirmance of the contract; but if he neglect to use him with ordinary care, or to return him at the time agreed on, he is not liable. This case is cited with approbation in *Fitts* v. *Hall*. *Campbell* v. *Stakes* was an action of trespass ; and the court held that infancy, with an averment that the injury occurred in driving the horse through the unskilfulness and want of knowledge, discretion, and judgment of the defendant, was a good plea.

In *Towne and al.* v. *Wiley*, 23 Vt. 359, the doctrine is said to be that infants are held liable for positive and substantial torts, but not for violations of contracts merely, although by the rules of pleading a plaintiff might declare in tort or contract at his election ; and in this case Judge REDFIELD endorses the doctrine of *Fitts* v. *Hall*.

We think, then, that the doctrine is well established, that an infant bailee of a horse is liable for any positive and wilful tort done to the animal distinct from a mere breach of contract,—as, by driving to a place other than the one for which he is hired, refusing to return him on demand after the time has expired, wilfully beating him to death, and the like ; so, if he wilfully and intentionally drive him at such an immoderate speed as to seriously endanger his life, knowing that it will do so. In *Wentworth* v. *McDuffie*, 48 N. H. 402, such driving by an adult was

held to be a conversion; and for aught we can see, the same principle would apply to the case of an infant.

In all these cases it may be urged that the law implies a promise, on the part of the bailee, to drive the horse only to the appointed place, to return him at the end of the journey, not to abuse him or drive him immoderately, and that a failure in either respect is merely a breach of contract. So it might be said that the law would raise a promise not to kill him; and yet no one would fail to see that to kill him wilfully would be a positive act of trespass, for which an infant should be liable the same as if there were no contract.

Between acts that are to be regarded as mere breaches of the contract of bailment, and positive and wilful torts, a line must be drawn somewhere; and although it must often be difficult to discriminate between them, we think it is safe to hold that the acts we have named, and others of a like character, are positive torts for which an infant is liable, and not mere breaches of contract. When the infant stipulates for ordinary skill and care in the use of the thing bailed, but fails for want of skill and experience and not from any wrongful intent, it is in accordance with the policy of the law that his privilege, based upon his want of capacity to make and fully understand such contracts, should shield him. A failure in such a case, from mere want of ordinary care or skill, might well be regarded as in substance a breach of contract for which the infant is not liable, even although in ordinary cases an action *ex delicto* might be sustained. But when, on the other hand, the infant wholly departs from his character of bailee, and by some positive act wilfully destroys or injures the thing bailed, the act is in its nature essentially a tort, the same as if there had been no bailment, even if assumpsit might be maintained in the case of an adult, or a promise to return the thing safely.

In the case before us the declaration embraces a charge of immoderate driving whereby the plaintiffs' horse was killed, and, as we have seen, the proof might be such, under a proper declaration, as to charge the infant; and it might be such as to show that the immoderate driving was unintentional and wholly owing to want of experience and discretion, in which case he would not be liable. The question then is, whether an action on the case, as this is, can be maintained for any cause of action that may be proved under this declaration. If it can be, the demurrer must be sustained.

In some cases it is held that by a positive and wilful tort the bailment is determined, and the remedy must be by action of trespass or trover, and that case will not lie. Such is the doctrine of *Campbell* v. *Stakes*, before cited; and the court put it upon the ground that the action on the case necessarily supposes the defendant to have a right to the possession of the property, under the contract of hiring, at the time the injury was committed, and that by declaring in case the plaintiff affirms the existence of such contract, and the plea of infancy would be a good defence to such action—citing *Jennings* v. *Rundall*, 8 T. R. 335, and *Green* v. *Greenbank*, 2 Marshall 485, 4 Eng. Com. Law 375.

To the correctness of this view we are unable to subscribe. If a wrong has been done to the property bailed of such a nature that an action on the case would ordinarily be an appropriate remedy, and at the same time an infant would be liable for it in any form of action, we perceive no reason for holding that case would not lie against him.

If the declaration sets out a cause of action which is good against an infant bailee, by reason of its being a positive and wilful wrong and not a mere breach of contract, and at the same time, according to the rules of pleading, an action on the case appears to be the appropriate remedy, we think it clear that such an action would be maintained.

If it were necessary that the bailment should be determined in order to maintain the action, the facts stated would show it the same as it would be shown by stating a conversion in trover.

In many cases trespass or trover will lie for injuries done by bailees, and to maintain those suits the bailment must have been determined; and this is shown by proof of tortious acts inconsistent with the bailment—and from the bringing of these suits it may fairly be inferred that the plaintiff *elects* to consider the bailment at an end. In bringing an action on the case setting out such a positive and wilful tort as is wholly inconsistent with the contract of bailment, and amounts to a disaffirmance of it, the same inference may be made. In all these cases the actions are based upon acts which disaffirm the contract of bailment, and the bringing the suits is an election by the bailor to consider the bailment terminated; and this applies to an action on the case for a tort which disaffirms the contract, the same as to trespass or trover: the latter is indeed but a subdivision of actions upon the case.

We are brought then to the conclusion, that case will lie against an infant bailee for a positive and wilful tort of such a nature that, upon general principles of pleading, case is a proper remedy.

Whether such a cause of action exists here remains to be seen. The declaration does not state such a cause. It states a bailment of the horse to defendant, and that he drove him so carelessly and immoderately as to cause his death. This we think does not go far enough to charge an infant bailee. It indeed goes no further than to charge him with what is in substance a breach of contract, and to that the plea of infancy is a good defence. In this respect it comes within the principle of *Jennings* v. *Rundall*, 8 T. R. 335, before cited. It is true that the immoderate driving may have been a positive and wilful act so as to make the infant liable; but we think that unless it is so stated, the plea of infancy is a good defence.

If the facts will justify it, the plaintiffs may have leave to amend their declaration upon terms, which will be the costs of demurrer. Whether the facts will justify such an amendment of the count in case as will support it, remains to be seen. That a count in case might under some circumstances be the appropriate remedy, may be inferred from the case of *Gilson* v. *Fisk*, 8 N. H. 404, and the cases cited, as well as the case of *Waterman* v. *Hall*, 17 Vt. 128, and numerous cases where it is held

that a party may, at his election,* sue in trespass, or waive the trespass and sue in case.

Under some circumstances trover would lie as we have seen, and as case and trover may be joined, there would seem to be no objection to adding a count in trover by way of amendment if the identity of the cause of action would be preserved.

As it now stands, the conclusion is, the

*Demurrer must be overruled.*

---

* See *Woodbury* v. *Woodbury*, 47 N. H. 22, 23.          REPORTER.

