## BARTLETT v. BAILEY.

A person ,seeking to avoid his contract on the ground of infancy, must account for what he has received under it by restoring or paying the value of whatever remains *in specie* within his control, and allowing for the benefit derived from whatever cannot be restored *in specie*.

ASSUMPSIT, to recover the price of milk sold and delivered to the defendant, who was a minor engaged in the milk business. The milk purchased of the plaintiff was sold by the defendant to his customers. The defendant pleaded infancy.

*Andrews*, for the plaintiff.

*Osgood*, for the defendant.

CLARK, J. In *Heath* v. *Stevens*, 48 N. H. 251, 252, *Perley, C. J.*, said,—"It is now extremely well settled, that if an infant would rescind his voidable contract, and recover back what he has paid under it, or compensation for what he has done under it, he must

first restore the thing that he received under the contract, if it remains *in specie*, and within his control ; or if not, must account for the value of it. But if what he has received has been consumed, or for any other cause cannot be returned *in specie*, he may recover for what he paid or did under the contract by deducting what he received, or the value of it, from the amount that he paid, or from the value of the services which he rendered." The principle thus declared to be firmly established is this, that a person seeking to avoid his contract on the ground of infancy must account for what he has received under it by restoring or paying the value of whatever remains *in specie* within his control, and allowing for the benefit derived from whatever cannot be restored *in specie*. This doctrine has been repeatedly recognized in actions brought to recover what has been paid, or compensation for what has been done, under contracts made by infants. No reason exists why it is not equally applicable to cases where infancy is set up as a defence. Whether an infant is plaintiff or defendant in an action cannot affect his legal rights as to his contracts. In either case, the law affords him ample protection by making the benefit received by him the measure of his legal liability. This rule was declared, and the reasons sustaining it fully stated, in the recent case of *Hall* v. *Butterfield, ante,* 354. Upon the authority of that case. the plaintiff is entitled to recover of the defendant the value of the benefit derived by him from the purchase of the milk of the plaintiff.

*Case discharged.*

STANLEY, J., did not sit : the others concurred.