## YOUNG v. CURRIER.

A release to an infant co-signer of a joint note, after he has repudiated the contract, and reconveyed his interest in the land for which the note was given within a reasonable time after reaching majority, has not the effect to discharge the other signer.

BILL IN EQUITY, heard upon bill and answer. The material facts were,—June 30, 1883, one Wadleigh conveyed a farm in Sunapee to Carlos S. Bingham and Fred S. Hart, and for part of the purchase-money took a note signed by Bingham and Hart for $1,039, and a mortgage of the farm to secure its payment. November 13, 1883, Wadleigh sold and assigned the note and mortgage to the defendant; and on the same day the defendant entered to foreclose the mortgage, and has ever since been in possession, receiving the income. At the time of executing the above note and mortgage Hart was an infant, and within a reasonable time after arriving at the age of twenty-one he refused to be held liable on the note, or to ratify and affirm the same; and thereupon, by deed, June 7, 1884, released to the defendant all his right and interest in the farm; and, in pursuance of an agreement then made, the defendant erased his name from the note. June 24, 1884, Bingham quitclaimed his interest in the farm to the plaintiff. The bill prays for partition, for an account of the rents, profits, waste, and damage, and for permission to redeem the mortgage if anything should be found due upon it.

*A. S. Wait,* for the plaintiff.

*S. L. Bowers* and *Geo. R. Brown* (with whom was *Jeremiah Smith*), for the defendant.

CARPENTER, J. Hart could not avoid his liability upon the note and mortgage without giving up the property conveyed to him. *Heath* v. *West*, 28 N. H. 101; *Heath* v. *Stevens*, 48 N. H. 251; *Hall* v. *Butterfield*, 59 N. H. 354; *Bartlett* v. *Bailey*, 59 N. H. 408. His quitclaim to the defendant of his interest in the farm was an essential part of his recission of the contract expressed by the note and mortgage. Whether one half the mortgage debt was extinguished by the transaction is a question unnecessary to be determined, inasmuch as the defendant consents that the plaintiff may redeem her one half of the farm by paying one half of the mortgage debt. The recital in Hart's quitclaim, that in consideration of it he is released from liability upon the mortgage note, had no legal effect. The contract was avoided, and Hart's liability upon it ended by his refusal within a reasonable time after he became of age to be bound by it, and restoring the property. What would be the effect of a technical release of an

infant from his unrepudiated contract upon the liability of his joint promissor, is a question which does not arise.

The erasure of Hart's name from the note by the defendant, after the contract was rescinded, was an immaterial alteration. *Pequawket Bridge* v. *Mathes*, 8 N. H. 140; *Burnham* v. *Ayer*, 35 N. H. 351; *Cole* v. *Hills*, 44 N. H. 227, 232.

*Case discharged.*

BLODGETT, J., did not sit: the others concurred.