STACK *v.* CAVANAUGH *& a.*

An infant may avoid his contract for the purchase of a horse upon accounting for the benefit, if any, derived from the purchase, and upon restoring the animal to the vendor, although its value may have been diminished by his unskilful driving and not by positive tortious acts wilfully committed.

In such case it makes no difference that the infant ratified the contract during infancy.

ASSUMPSIT, to recover $25 and interest, paid by the plaintiff to the defendants as part of the price of a horse. Facts found by the court.

At an auction sale of horses by the defendants, October 12, 1886, the plaintiff bid off a horse at the price of $112.50, which was delivered to him on payment of $25, and upon the understanding that the balance of the price was to be secured by note and a mortgage upon the horse. The plaintiff took the horse away, and upon harnessing him to a wagon found that he was unable to drive him. The plaintiff took the horse back to the defendants' stable that night, told them the horse would n't go, and asked them to refund the $25. The defendants declined to pay back the money, but offered to exchange horses with the plaintiff; and another horse, which they had bought in the West, had

had but a few days, and had driven two or three times, was harnessed, and the plaintiff rode after him, but concluded not to take him. The plaintiff left the horse at the defendants' stable, and requested them to do the best they could with him. Upon harnessing the horse the next morning he was found to be contrary and unmanageable, and some time afterwards he was sent to Boston and sold, and the defendants received $70 for him after deducting expenses.

The horse was six years old, and had been broken to travel with another horse, but had been driven to a single carriage only once or twice before the day of the sale. A person accustomed to handle horses could drive him. The plaintiff had had no experience in driving or handling horses, and was unable to drive or manage him. The horse was fretted and worried, and made balky and unmanageable, by the plaintiff's unskilful management in attempting to drive him, and was depreciated in value thereby to an amount exceeding the sum paid by the plaintiff to the defendants. The plaintiff had the horse in his possession four or five hours.

The plaintiff was a minor when he bought the horse and when this suit was commenced. He never told the defendants that he was an infant, and they did not know and had no reason to suppose that such was the fact until the plaintiff's mother informed them, and requested them to pay back the $25 six or eight months after the transaction. The contract for the purchase of the horse was not a contract for necessaries, nor did the plaintiff derive any benefit from it.

*Burnham, Brown & Warren*, for the plaintiff. I. An infant, upon rescinding his voidable contract by restoring the consideration, if in his possession, or accounting for the value of it, may recover back the money he paid on account of his voidable contract. If the property has been wasted or destroyed by the infant in part, or wholly wasted or destroyed, he may recover back what he has paid by returning the property so far as lies in his power, and by accounting for whatever benefit he has derived therefrom. The benefit which an infant derives from his contract is the true test of his liability. *Hall* v. *Butterfield*, 59 N. H. 354; *Bartlett* v. *Bailey*, 59 N. H. 408; *Kimball* v. *Bruce*, 58 N. H. 327; *Heath* v. *Stevens*, 48 N. H. 251; *Heath* v. *West*, 28 N. H. 101; *Chandler* v. *Simmons*, 97 Mass. 508; *McCarthy* v. *Henderson*, 138 Mass. 310; *Pyne* v. *Wood*, 145 Mass. 558; *Dubé* v. *Beaudry*, 150 Mass. 448; *Brown* v. *Hartford Fire Ins. Co.*, 117 Mass. 479; *Whitcomb* v. *Joslyn*, 51 Vt. 79; *Price* v. *Furman*, 27 Vt. 268; *Shurtleff* v. *Millard*, 12 R. I. 272; *Gillespie* v. *Bailey*, 12 W. Va. 70, 92; *Carpenter* v. *Carpenter*, 45 Ind. 142; *White* v. *Branch*, 51 Ind. 210; *Lemmon* v. *Beeman*, 45 Ohio St. 505; Story Cont., s. 42.

While it is true that the law relating to the rights and liabilities of infants has been changed, and differs to some extent in different

states, yet we maintain that the true test of an infant's liability, and as well his right to disaffirm his contracts and recover back money paid under them, is determined by the benefit derived by the infant from such contracts. That this is the law of this state cannot be questioned, since the decisions in *Hall* v. *Butterfield* and *Bartlett* v. *Bailey, supra.* In this case it is found as a fact that the plaintiff derived no benefit from the contract, and therefore he can recover back whatever he may have paid under the contract.

If the plaintiff had made no payment for the horse, and the horse had been accidentally killed as soon as he came to the possession of the plaintiff, the defendants could not have recovered from the plaintiff any part of the consideration if he interposed the plea of infancy, because he derived no benefit from the contract. *City Savings Bank* v. *Whittle*, 63 N. H. 587. If he had paid the full amount of the contract price, and the horse had at once been accidentally killed, would not the plaintiff have the right to disaffirm the contract and recover back every dollar paid for the same reason, because he had derived no benefit from the contract? "He who deals with an infant deals at his peril, and subject to this right of the infant to disaffirm and avoid the contract." *Mustard* v. *Wohlford*, 15 Grat. 329.

II. Voidable contracts of minors may be disaffirmed, even though the party contracting with him supposed him to be of age and the minor represented himself to be of age. *Fitts* v. *Hall*, 9 N. H. 441; *Burley* v. *Russell*, 10 N. H. 184; *Farmington National Bank* v. *Buzzell*, 60 N. H. 189, 192; *Gilson* v. *Spear*, 38 Vt. 311; *Whitcomb* v. *Joslyn*, 51 Vt. 79; *Merriam* v. *Cunningham*, 11 Cush. 40; *Carpenter* v. *Carpenter*, 45 Ind. 142, 145.

*Oliver E. Branch* and *James F. Briggs*, for the defendants. The plaintiff did not rescind the contract of sale when he came back to the defendants' stable with the horse, nor has he ever done this, so that he may receive the amount paid by him as a part of the purchase-money. If he had wished to rescind the contract, it was necessary for him to disclose his infancy, surrender the horse absolutely to the defendants, and make an unqualified demand for his money. This he did not do. The defendants did not know he was a minor, and they had no reason to suppose he was, until his mother, six or eight months afterwards, informed them, and demanded repayment of the $25. When he brought the horse back he left it with the defendants to be sold on his account, and it was sold by them for him afterwards for $70. By this act he placed it beyond his power to restore it to the defendants. It was not at any time before the suit restored to the defendants as their property, nor the value of it accounted for to them, which were conditions absolute and precedent to his right to receive the amount paid on the contract.

The law applicable to this case is stated in *Heath* v. *Stevens*, 48 N. H. 251, 252: " It is now extremely well settled that if an infant would rescind his voidable contract, and recover back what he has paid under it, or compensation for what he has done under it, he must first restore the thing that he received under the contract, if it remain *in specie* and within his control; or, if not, must account for the value of it. But if what he has received has been consumed, or for any other cause cannot be returned *in specie*, he may recover for what he paid or did under the contract by deducting what he received, or the value of it, from the amount that he paid, or from the value of the services which he rendered." *Hall* v. *Butterfield*, 59 N. H. 354; *Bartlett* v. *Bailey*, 59 N. H. 408. This doctrine has never been questioned or modified in this state, and it now prevails in very many other states. *Moses* v. *Stevens*, 2 Pick. 332; *Hoyt* v. *Williams*, 57 Vt. 404; *Judkins* v. *Walker*, 17 Me. 38; *Taft* v. *Pike*, 14 Vt. 405; *Cogley* v. *Cushman*, 16 Minn. 397, 402; *Young* v. *McKee*, 13 Mich. 552, 556; *Towle* v. *Dresser*, 73 Me. 252.

The rule laid down in *Hall* v. *Butterfield* is entirely in harmony with that in *Heath* v. *Stevens*. The value of the necessaries furnished an infant is the measure of the benefit derived by him in the transaction, just as the value of the property obtained by him upon a contract of sale is *prima facie* the measure of the benefit of what he receives from the transaction, until he has restored it to the vendor or accounted for it.

The horse when purchased was worth more than the amount paid by the plaintiff and the amount realized from his sale upon the plaintiff's account by the defendants. If the horse had been sold for more than the amount the plaintiff agreed to pay for him, his claim for the balance would undoubtedly have been good, and its validity quickly recognized by him; the amount paid by him and received by the defendants on his account is not equal in amount to the value of the horse, for which he must account, and for this reason there can be no recovery.

The theory of the ancient rule, that infancy was an absolute defence, or cause of action, because it was necessary to protect minors from imposition and fraud, has become radically modified by the progress of rational jurisprudence. Infancy is still available to protect a minor when he needs protection; but obviously when an infant discloses such maturity of guile as enables him to consummate a fraud or wrong, he needs no protection from the court, and ought not to ask the court to become a partner with him in carrying his wrongful and fraudulent purposes to a successful termination. The policy of the courts everywhere, and particularly in this state, is to apply to any case in which the allegation of infancy is set up the broadest principles of equity.

In *Hagerty* v. *Nashua Lock Co.*, 62 N. H. 576, 577, the court say,—" The question of justice is not limited to a month, or to the damages for which the defendants can maintain an action

against him.    The law of the case is no more inconsistent with moral right than his contractual disability requires."

The defendants have an action on the case against the plaintiff for the damages caused to the horse, if he had restored it and rescinded the contract, and for the fraudulent concealment of his minority.    *Burley* v. *Russell*, 10 N. H. 184, 185.    The damages to the horse were more than $25.    The question of justice in this case is not limited by forms of procedure.    In this view, also, there can be no recovery.

ALLEN, J.    It is the settled law of this state that an infant may avoid his contract of sale by rescinding the contract and restoring the property to the vendor.    If he does so, he may recover the price paid by him for the property.    *Heath* v. *Stevens*, 48 N. H. 251.    If he does not restore the goods and has not paid for them, he is liable in a suit by the vendor for so much of the price as is equal to the benefit derived from the purchase.    *Hall* v. *Butterfield*, 59 N. H. 354; *Bartlett* v. *Bailey*, 59 N. H. 408.

In this case the plaintiff returned the horse to the defendants reduced in value by the plaintiff's inexperience and want of skill in driving.    Though returned on the same day and within a few hours of the purchase, it was not the same horse in character and value.    But the acts of the plaintiff in dealing with the horse were the result of ignorance and want of skill in the management of horses, rather than of wilful abuse.    Being an infant under full age, the same conduct towards a horse bailed to him for hire would have given the owner no ground for recovery.    *Eaton* v. *Hill*, 50 N. H. 235.    It is only for positively tortious acts wilfully committed that an infant is liable in an action of trespass or case.    If the management and driving of the horse by the plaintiff in this case were not of such a character as to give the defendants a right of action had the plaintiff hired the horse, they cannot make the fact of injury from the same treatment by him as owner of the horse a ground for recoupment of damages.    To give them this right the claim must rest upon a basis which would enable them to recover for an injury to their own property, and this they cannot do in a case of this kind against an infant.

The plaintiff's incapacity of infancy was known to the defendants before the suit was brought, and his treatment of the horse was not malicious nor wilful abuse.    Upon the facts stated the defendants have no defence.

*Judgment for the plaintiff.*

CLARK, J., did not sit: the others concurred.

The foregoing opinion was delivered at the June term, 1891. The defendants moved for a rehearing for the following reasons:

1. Because the opinion goes upon the ground that the plaintiff

rescinded the contract of purchase, when, in fact, after proposing
to rescind, he left the horse to be sold upon his account.

2. Because, when repayment of the sum of $25 was demanded,
the horse had been sold on the plaintiff's account, and he thereby
made it impossible to rescind.

*Oliver E. Branch*, for the defendants, orally. ·The defendants.
did not decline to receive the horse, but another horse of less
value and different character, to wit, the same horse seriously
damaged.

Instead of rescinding, the plaintiff ratified and confirmed the
contract by leaving the horse to be sold on his account, making·
the defendants his agents to sell it and account for the proceeds.
An infant, on rescinding, must either restore the property or
account·for it. *Hall* v. *Butterfield,* 59 N. H. 354; *Heath* v. *Stevens,*.
48 N. H. 251.

Rescission is the same whether the plaintiff is a minor or an
adult. He must return the property *in specie, i. e.,* substantially
the same as when sold. This horse was not the same in character·
and value when returned. It was not returned, and the plaintiff
could not return it *in specie.*

New Hampshire law now is, that the infant must do what an
adult must do; at least he must do equity. The plaintiff has not.
restored the consideration received by him,—a horse worth a cer-
tain sum,—but much less than what he received.

This is not a question of recoupment, but of rescission. [CAR-
PENTER, J. Suppose the horse had been killed by lightning in
the plaintiff's possession?] Providence would have rendered
rescission impossible. But that does not change the law requir-
ing either a return of the property, or the placing of the other
party in as good a situation as if the property were returned *in
specie,* of the same value as before.

The old rule was for the protection of minors. The present.
New Hampshire rule gives them equitable protection. *Hall* v.
*Butterfield,* 59 N. H. 354.

The plaintiff practised a fraud on the defendants by not dis-
closing his infancy, and the New Hampshire rule protects the
defendants as well as the plaintiff. They first learned the fact.
from his mother, six or eight months after the transaction, when
she requested repayment of the purchase-money.

*Burnham, Brown & Warren,* for·the plaintiff.

SMITH, J. The former decision in this case, it is claimed, was.
based upon the erroneous assumption of fact that the plaintiff had
rescinded the contract, when in fact he only proposed to rescind,.
and, instead of rescinding, ratified the contract by ·leaving the
horse with the defendants to be sold. It is further claimed, that,

when repayment of the purchase-money was requested, rescission had become impossible, because, the horse having been sold on the plaintiff's account, the property could not be returned *in specie.*

Whether what took place when the plaintiff returned the horse was a rescission, a proposition for a rescission, or a ratification of the contract of purchase, it is not necessary to consider. The plaintiff's right of rescission remained during his minority, and was not defeated by the defendants' refusal to refund the purchase-money, nor by his request to them to do the best they could with the property. The contract and subsequent alleged ratification were voidable at his election, and were repudiated when he brought this suit. The bringing of the suit was an election to rescind. *Eaton* v. *Hill*, 50 N. H. 235, 241.

The fact that the horse had been injured by the plaintiff's unskilful driving, did not, as shown in the former opinion, deprive the plaintiff of his right to return it. He derived no benefit from the contract. It was not necessary to renew his offer to return the property. It went into the defendants' possession when the plaintiff first attempted to rescind, and was sold by them. The money received by them from the sale stood in place of the horse. The presumption is that they acted in good faith in the sale, and got the most they could for the property. If they did not, they are in no position to complain.

If the plaintiff's mother was acting in his behalf when she requested the return of the purchase-money, what was then done was equivalent to a rescission, and the result is the same.

The defendants are not, as contended, entitled to judgment upon the ground that they had no reason to suppose the plaintiff was an infant. He did not affirm himself to be of full age, and there is nothing in the case that shows that at the time he made the purchase he intended to elude the contract. The case in this respect differs from *Fitts* v. *Hall*, 9 N. H. 441 (see *p.* 449).

*Judgment for the plaintiff.*

CLARK, J., did not sit: the others concurred.