Belknap,
June 4, 1918.

WILBUR W. WOOLDRIDGE *v.* ARTHUR LAVOIE.

ARTHUR LAVOIE, *by his next friend,* PETER LAVOIE,
*v.*
WILBUR W. WOOLDRIDGE.

A minor, upon exercising his right to rescind his purchase and recover the price, must account for damages to the property caused by his tortious acts, but not for damage caused by his ignorance or unskillfulness.

Such right of rescission may be exercised after action has been brought.

ASSUMPSIT. The first action is assumpsit to recover the balance due on the purchase-price of an automobile. The second, is assumpsit to recover back the part of the purchase-price already paid. Trial by the court and verdict for the defendant in the first action, and for the plaintiff in the second for $210. The court found that Wooldridge sold Lavoie the car for $275, and that it was fairly worth that sum at that time. Lavoie paid him $200 at the time of the sale, and has since paid $10. The court, while the trial was in progress, permitted Lavoie, who is a minor, to rescind the contract

he made with Wooldridge and to return the car to him. The value of the car at that time was $50. The depreciation in the value of the car was due in part to natural causes and in part to Lavoie's improper use of it.

Transferred by *Kivel*, J., from the October term, 1916, of the superior court on Wooldridge's exception to the verdicts and to the court's permitting Lavoie to rescind the contract.

*Frank P. Tilton*, for Wooldridge.

*Oscar L. Young*, for Lavoie.

YOUNG, J. Since Lavoie was a minor, he could rescind the contract he made with Wooldridge at any time before he became twenty-one, or within a reasonable time thereafter, for any reason or for no reason, and recover back the money he had paid toward the purchase-price by returning the car and accounting for (1) any benefit he had received from its use and (2) paying any damage to the car that was caused by his tortious acts. *Hall* v. *Butterfield*, 59 N. H. 354, 358; *Bartlett* v. *Bailey*, 59 N. H. 408; *Young* v. *Currier*, 63 N. H. 419.

While it is true, as Wooldridge contends, that the pleasure to be derived from the use of a car may be a benefit to a minor within the meaning of this rule, whether Lavoie was benefited by using this car in the way he did depends on whether using it in that way was the reasonable thing for a boy in his station in life to do; and, as the facts are understood, the court has found that using the car in the way Lavoie did was not the reasonable thing for him to do.

Although Lavoie should account for any damages to the car that were caused by his tortious acts, he cannot be compelled to account for damages that were caused by his ignorance or unskillfulness in operating the car, *Stack* v. *Cavanaugh*, 67 N. H. 149, 153; and while the court has found that a part of the depreciation in the value of the car was due to Lavoie's "improper use of it," it has not found that he either wilfully or negligently damaged the car, and one of these things must appear before he can be compelled to account for any part of the depreciation, for the test to determine that question is the same that would be applied to determine the plaintiff's right to recover if Lavoie had hired the car and this was a suit to recover damages caused by the way Lavoie used it.

There is no merit in Wooldridge's contention that the court erred

in permitting Lavoie to rescind the contract during the trial. No reason has been suggested and none is apparent for holding that the court cannot permit a minor to rescind his contract at any time before judgment, if it finds that that is the reasonable thing to do. Neither is there any merit in his contention that he is prejudiced by the fact the car is under attachment in both of these suits, for ordering judgment on the verdict in the first suit in and of itself discharges the attachment in that suit, and paying the judgment in the second suit will have that effect in so far as the attachment in that suit is concerned.

*Exceptions overruled.*

All concurred.